NELLIE HERPOLSHEIMER and Others, as Trustees under the Last Will and Testament of ARTHUR B. HERPOLSHEIMER, Deceased, Appellants, v. THEODORE F. LEMM, Respondent.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order denies motion for summary judgment in an action upon a promissory note.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

LOUIS HESS and MOLLIE HESS, Respondents, v. Dr. HARRY J. HAMMOND, Dr. BERNARD A. MOHAN and Dr. MATTHEW L. CARDEN, Appellants.— Order modified and as modified affirmed, without costs. All concur. (The order denies a motion for a bill of particulars in an action for malpractice.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

JOSEPH L. BLANEY, as Trustee in Bankruptcy of the Estate of FRANK KERTZ Co., INC., Respondent, v. THE METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, Appellant.— Order denying motion to dismiss complaint reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plead over within twenty days upon payment of the costs of the motion and of this appeal. Appeal from order denying motion to make complaint definite and certain dismissed without costs as academic, in view of the decision above. Memorandum: As we read this complaint it makes merely an allegation of indebtedness without disclosing the transactions from which the indebtedness arises. While it is true that proper pleading should contain only a plain and concise statement of material facts, still there must be sufficient facts alleged to show on what the obligation of the defendant legally rests. All concur. (The motions were made in an action to recover unearned premiums on insurance policies.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

CHRISTOPHER A. THOMPSON, as Administrator, etc., of WILHELMINA C. THOMPSON, Deceased, Respondent-Appellant, v. THE STATE OF NEW YORK, Appellant-Respondent. (Claim No. 22205.) — Judgment modified by increasing the amount of the recovery to $5,107.42 as of the date of rendition thereof, and as so modified affirmed, with costs to the claimant. Findings of fact as to damages modified. Memorandum: We deem the award of $2,000 for the damages to the next of kin inadequate and have determined the amount to be $4,000. Inasmuch as the amendment to section 132 of the Decedent Estate Law (Laws of 1935, chap. 224) did not become effective until after the date of the entry of the judgment in this action, the expenses of medical aid, nursing and attention incident to the injury causing decedent's death are not proper elements of damage. In the absence of statutory language clearly indicating otherwise, the damages referred to in the special enabling act (Laws of 1933, chap. 538) cannot include damages beyond those allowed by the general law at the time the judgment was entered. All concur, except Crosby, J., who dissents and votes for affirmance. (The judgment awards damages for death of plaintiff's intestate, passenger in an automobile, resulting from a defect in the roadway.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ. [154 Misc. 707.]

CHRISTOPHER A. THOMPSON, Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 22206.) — Judgment affirmed, with costs. All concur, except Sears, P. J., and Thompson, J., who dissent and vote for reversal on the facts and for granting a new trial. (The judgment dismisses a claim for damages sustained in an automobile accident resulting from a defect in the roadway.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ. [154 Misc. 707.]