## (May 17, 1963)

MICHAEL A. SCOTT, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 35176.) LUCY SCOTT, as Administratrix of the Estate of MICHAEL J. SCOTT, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 35177.) — Appeals from judgments entered on a decision rendered after trial in the Court of Claims. Decedent Michael J. Scott was killed September 29, 1957 when the car he was driving in a southerly direction went off a State highway near the village limits of Athens. His son Michael A. Scott, riding with him, was seriously injured. Claims by the administratrix of the driver, and by the passenger, have been dismissed by the Court of Claims after a trial. The car went off a paved portion of the highway and onto the shoulder of the road at a point where the road curved sharply to the left. The Court of Claims has made a large number of findings in the two cases that the shoulder of the road was negligently maintained by the State, e.g., that "the hole in the shoulder * * * constitutes dangerous maintenance practice"; that "the ravelled edge of the macadam highway previously described constitutes a hazard especially aggravated on a curve such as exists at this point and constitutes poor engineer-

ing practice with respect to the maintenance of the said highway by the State of New York"; and also found that the condition of the highway had previously "been brought to the attention of the district engineer". These findings, read together, indicate that the Judge held that after the car went off the paved portion of the road the defective condition of the shoulder, and hence the negligence of the State, had played an effective role in the death of the driver and the injury of the passenger. One of the conclusions of law in the death case is that the "State [had] come forward and sustained its burden of proof as to the negligence of the deceased driver" and this together with a conclusion that claimants "failed to establish any negligence on the part of the State of New York as the proximate cause of the accident" are the main grounds for dismissal of the claim. We do not read in the decision any specific finding of fact on which the conclusion of law that decedent driver was negligent can be based. If he was traveling at an excessive speed, this would be enough. There is a conclusion of law that "a speed of 50 to 55 miles an hour" was "negligence." But there is not only no competent proof of such a speed as this in the death case; there is no unequivocal finding of fact that the car was driven at this speed or any speed. The only finding of fact is, not how fast the decedent was driving, but a "finding" of how fast his son "said his father was travelling", i.e., "about 50 to 55 miles per hour". This is neither a fact relating to any material issue in the case nor a finding of "fact". The statement, admissible as against the interest of the passenger, who made it personally, should not have been considered in the death case. His admission, not part of the *res gestæ*, was binding only on himself. Thus, except for such inferences as may be possible from the physical course the vehicle took and the result of the impact, there is no competent proof of speed in the death case. On the issue of contributory negligence the State had the burden. We prefer to have a fresh view by the Court of Claims on whether the physical course of the car and its ultimate impact, and proof in the case other than the statement of the witness, sufficiently indicated excessive speed as to warrant a finding of contributory negligence, rather than decide the factual issue here. The findings in context suggest that the Court of Claims placed heavy reliance in the death case on the statement of the driver's speed made by the passenger. It is true no specific objection was made by the administratrix to the proof of this statement. But both cases were tried together. It was admissible evidence against the passenger, also a party in the joint trial. And in the absence of some signal that proof, properly admissible against one party, is also to be received against the other against whom it is inadmissible, counsel ought to be safe in believing that the Judge will receive and consider the evidence only against the party in whose case it is admissible. Although there is a conclusion of law that the deceased driver had no right to be on the shoulder of the road "except in an emergency" and that the administratrix had failed to establish that there was an emergency, the burden in a death case on this issue is the other way. The need for an "emergency" to justify one's driving on the shoulder is part of the issue of contributory negligence (*Brown* v. *State*, 284 App. Div. 1014, affd. 308 N. Y. 980; *Fisher* v. *State*, 10 A D 2d 786; *Thompson* v. *State*, 154 Misc. 707, mod. other grounds 247 App. Div. 858). In the passenger's case, if the State was negligent in the construction and maintenance of the road, and this was an effective factor in his injury, recovery could be had whether or not the driver was also negligent unless the passenger himself be found to be negligent. We leave all these questions open and determine that there should be a re-examination of the two claims. Judgments reversed on the law and the facts and a new trial or trials ordered, with costs to abide the event. Bergan, P. J., Coon, Gibson and Reynolds, JJ., concur; Herlihy, J., concurs in the result.