■ JOSEPH GLADSTONE, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 37405.) — *Per Curiam.* On the clear morning of Monday, March 16, 1959 claimant, en route to his employment in Danbury, Connecticut, was driving his motor vehicle in a northerly direction on New York State Route 22. His testimony was that as he neared, at a speed of 25 miles per hour, a curve in the highway bending to the right — found by the trial court to have been of moderate arc — he encountered a patch of ice upon which the vehicle skidded to its left, penetrated guardrails located on the opposite or westerly side of the road and continued down an embankment for some distance. From a judgment of the Court of Claims awarding damages for personal injuries sustained in the accident, premised upon findings of negligence on the part of the State for its failure to erect and maintain a barrier of sufficient strength to contain the vehicle and to maintain the highway at the scene in a reasonably safe condition for use by motorists, the State appeals. At the place of the accident the asphalt surfaced pavement was 20 feet in width and level. A shoulder measuring about 7 feet bordered its westerly edge. Daily during the preceding 12 years claimant used the highway to reach his work. There was evidence that on the preceding Friday snow had fallen in the vicinity. While returning to his home in the late afternoon of that day claimant observed that "The road was plowed and sanded." Although he twice travelled the highway on Saturday he was unable to recall its condition on that day. Documentary proof indicated temperature variations above and below the freezing point during the week end preceding the occurrence of the accident. It is not claimed that there was any defect in the surface of the highway or that the icy condition of the pavement resulted from defective design or negligent construction by the State. There was no evidence of the length of time that the condition had existed or that the State knew of its presence and none of sufficient preciseness that it was a recurring one. Nor was there a showing of any prior accident at the particular place where the instant one occurred. Claimant testified that the icy patch in question was the only such condition on Route 22 which he had come upon in the course of several miles of travel before reaching the point of the accident. There was evidence of decay in the guardrail posts. The presence of a patch of ice on an otherwise clear highway imputes no negligence to the State and in the circumstances of this case its failure to eliminate the condition breached no duty owed claimant. (*Quigley* v. *State of New York*, 281 App. Div. 185, affd. 308 N. Y. 846; *La Tournerie* v. *State of New York*, 1 A D 2d 734.) Nor can any negligence on the part of the State in connection with the maintenance of the guardrails be accounted the proximate cause of the accident. The chance that a skidding car would cross the highway and crash through guardrails on the opposite side of the road as the result of contact with a solitary icy spot on its pavement, unattributable to any negligent conduct on the part of the State, was a contingency too remote reasonably to be anticipated. (*Harrow* v. *State of New York*, 21 A D 2d 571; *McCauley* v. *State of New York*, 8 N Y 2d

938, revg. 9 A D 2d 488, affg. 23 Misc 2d 925.) To cast the State in liability on the facts of this case would be to impose a duty transcending that of reasonable care and foresight. Judgment reversed, on the law and the facts, and claim dismissed, without costs. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.