■ FLORENCE E. BRADY, as Administratrix of the Estate of TERRANCE P. BRADY, Deceased, Appellant, v. CITY OF NEW YORK, Respondent.— In an action to recover damages for wrongful death and conscious pain and suffering, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered May 20, 1968 in favor of defendant, upon a directed verdict at the close of the evidence. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. Plaintiff's intestate was drowned when the automobile he was driving broke through a retaining wall running along the westerly side of the North Channel Bridge and fell into the water. There were no witnesses to the accident, which occurred sometime prior to 7:10 A.M. on the morning of January 19, 1963. The weather was foggy. Police investigation revealed that the car, which had been traveling in a southerly direction, had apparently scraped

along the center divider for a distance of 96 feet and then swerved across the two southbound lanes and a 12-foot wide sidewalk before colliding with the retaining wall. An eight-foot section of the four-foot high concrete wall was knocked out. An offer of proof was made by plaintiff to the effect that a consulting engineer would testify that the wall was not designed to withstand an impact by an automobile and that the partitions of which the wall was constructed were not continuous and could easily break away from each other. An expert witness for defendant city testified that an autopsy revealed .3% alcohol content in the brain of the deceased and that he was therefore intoxicated. The last person to see the deceased alive, at 5:00 A.M., testified that he was sober and that he had consumed only one and one half bottles of beer between 2:00 A.M. and 5:00 A.M. In view of the less stringent evidentiary standards to be applied in a wrongful death action arising out of an accident to which there are no eyewitnesses (see *Wragge* v. *Lizza Asphalt Constr. Co.,* 17 N Y 2d 313, 320), it cannot be said upon this record that by no rational process could the triers of the facts have based a finding in favor of plaintiff (see *Wearever Upholstery & Furniture Corp.* v. *Home Ins. Co.,* 286 App. Div. 93, 95). In death cases there is "a noticeable reluctance by the court to apply strictly * * * the doctrine of contributory negligence" (*Rossman* v. *La Grega,* 28 N Y 2d 300, 305). Where contributory negligence is an affirmative defense the injured person "'is presumed to have used due * * * care'" (p. 304). It appears to be settled that, at points of particular danger along its highways and bridges, a municipality is obliged to provide barriers of sufficient strength to hold an automobile traveling at a reasonable rate of speed (*Sanders* v. *State of New York,* 191 Misc. 248, affd. 274 App. Div. 842, affd. 298 N. Y. 850; *Mason* v. *Town of Andes,* 261 App. Div. 354, affd. 287 N. Y. 616; *Huston* v. *County of Chenango,* 253 App. Div. 56, affd. 278 N. Y. 646; *Countryman* v. *State of New York,* 251 App. Div. 509, affd. 277 N. Y. 586; *Cotriss* v. *State of New York,* 223 App. Div. 520). There is little doubt that a bridge which carries vehicles over deep water constitutes such a point of danger. Here there was evidence upon which to base a finding that defendant had failed in its duty. Questions as to the proximate cause of the accident, the contributory negligence of the deceased and the rate of speed of the vehicle were for the jury to decide. The jury was not required to accept the testimony of defendant's expert that the deceased had been intoxicated (*Trimble* v. *City of New York,* 275 App. Div. 169, mot. for lv. to app. den. 299 N. Y. 800). Hopkins, Acting P. J., Christ, Brennan and Benjamin, JJ., concur.