■ CASMIR ZALEWSKI, as Administrator of the Estate of WANDA ZALEWSKI, Deceased, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 53935.)—Cross-appeals from a judgment, entered December 10, 1974, upon a decision of the Court of Claims. The instant appeal is one of five claims which arose out of an automobile accident on the Crescent Bridge in Halfmoon, New York, on July 2, 1969. The car in which the deceased, Wanda Zalewski, was a passenger collided with a truck, mounted the curb and came in contact with the bridge railing, and, after shearing off five bridge posts, plunged into the Mohawk River. The bridge railing was constructed with three-rail aluminum bridge railing supported by posts made of cast aluminum alloy and bolted to the bridge. Although the State's witness testified that the bridge was constructed in conformity with good engineering practices, when it was completed in 1960, there was testimony, and the State conceded, that cast aluminum alloy bridge posts were extremely brittle and that discontinuous rails would not absorb and distribute impact. Exhibits in the record indicate that the State recognized the problem of that type of bridge railing no later than 1966. The court found the location to be hazardous and found the speed of the car to have been reasonable. The court held that the placing of the guardrails in question on the bridge constituted active negligence which was a proximate cause of the car's falling into the river. The court also held that the State's subsequent failure to replace these dangerous instrumentalities constituted actionable negligence and further found that the State failed to reduce the risk by warning of the potential hazard or by reducing the speed limit. The deceased passenger was found to be free from contributory negligence and the court made an award of $65,000 for wrongful death. The court, however, dismissed the claim for conscious pain and suffering for lack of proof. The State appeals from the judgment for wrongful death, and the plaintiff cross-appeals on the grounds of inadequacy and on the dismissal of the claim for conscious pain and suffering for lack of proof. The State is obligated to provide barriers of sufficient strength to hold an automobile traveling at a

reasonable rate of speed at points of particular danger along its highways and bridges (Brady v City of New York, 39 AD2d 600; Hall v State of New York, 28 AD2d 1203). The State contends that at the time the bridge was designed and built it was constructed in accordance with good engineering practice and, therefore, the correctness of design is not subject to review by the courts (Weiss v Fote, 7 NY2d 579). The immunity from review established by Weiss (supra) does not apply, however, where it can be shown that the plans of the bridge were approved without adequate prior study or lacked a reasonable basis and that subsequent events demonstrated the existence of a dangerous condition known by the State. The court found that there was no adequate prior study before the erection of the cast aluminum post and the discontinuous rails and the State's own records indicate that as early as 1961, and certainly by 1966, the State, through tests conducted by its agents and through examination of other accidents, determined that the rail failure appeared to be due to the brittleness of cast aluminum posts and the lack of continuity of the rails. The court found, and we agree, that the State was negligent in failing to timely replace those bridge posts and railings. We, therefore, affirm the finding of the court as to the negligence of the State and as to the finding that negligence was a proximate cause of the death of the claimant herein. The State is liable, irrespective of the driver's negligence, where the State's negligence was an effective factor in the death (Scott v State of New York, 19 AD2d 574). The court's findings are neither incorrect nor contrary to the weight of the evidence and should not be disturbed (Schoonmaker v State of New York, 32 AD2d 1005). On the cross appeal, claimant contends that the court erred in dismissing the claim for conscious pain and suffering for lack of proof. The only medical testimony was inconclusive. The physician did state that there were agonal signs which indicated the deceased had survived for some period, although he could not state with assurance whether the deceased was alive at the time the car came into contact with the water. Although there was no autopsy, the deceased exhibited no substantial external injuries. On this record, we cannot state that the findings of the court in regard to lack of conscious pain and suffering were incorrect or contrary to the weight of the evidence and, therefore, they cannot be disturbed (Schoonmaker v State of New York, supra). The award of $65,000 for the wrongful death of the plaintiff is neither excessive nor inadequate. Judgment affirmed, with costs. Sweeney, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.