■ JOHN H. HOBBS, as Limited Administrator of the Estate of JOHN H. HOBBS, JR., Deceased, et al., Appellants, v STATE OF NEW YORK, Respondents. (Claim No. 52266.) JOHN J. BURNS, III, as Limited Administrator of the Estate of JOHN J. BURNS, IV, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 52408.)—Appeals from a judgment in favor of defendant, entered August 1, 1974, upon a decision of the Court of Claims which dismissed both claims at the close of the evidence. On December 14, 1969, at approximately 12:30 A.M., decedent Burns was traveling eastward on Route 28 in the vicinity of Kingston, New York. At that moment, decedent Hobbs was a passenger in an automobile owned and operated by Thomas Connors proceeding in a westerly direction along Route 28. The weather was clear and cold. The Connors' vehicle drove up a hill as the Burns' vehicle was negotiating a curve at the crest of the hill. At the end of the curve or a short distance beyond it, the Burns' vehicle went "out of control", crossed over into the westbound lane of Route 28, and collided head-on with the Connors' vehicle. Both Hobbs and Burns died as a result of the injuries sustained in the accident. Connors was injured. Claimants, John H. Hobbs and John J. Burns, III, in their capacity as limited administrators,

commenced an action for wrongful death against the State of New York. The theory of both claimants was predicated upon the negligence of the State in the design, engineering, construction, maintenance and repair of Route 28 in that at the location of the accident ice would accumulate at a point in the curve under certain weather conditions while the remainder of the road was dry. The claimants alleged that the Burns' vehicle went out of control upon coming in contact with the ice. Both claimants alleged that the State was negligent in failing to post warning signs of the icy condition on the road. Hobbs further initiated claims against Connors and the estate of Burns which were settled prior to trial. At the conclusion of the trial, the Court of Claims granted the State's motion to dismiss upon the ground that the claimants failed to establish a causal connection between the negligence of the State and the death of claimants' intestates. The Court of Claims did not make a specific finding of negligence but framed the following statement: "Assuming *arguendo* that the State was negligent in the design, construction, or maintenance of the highway by creating or allowing an icy condition on the roadway to exist, and assuming also that the State had knowledge or should have had knowledge that the condition existed and that the claimants were free from contributory negligence, it is still incumbent upon the claimants to prove that the State's negligence was the proximate cause of the collision." The Court of Claims held that the record was "devoid of any evidence whatsoever that the Burns vehicle skidded on the ice". Since the court determined that it could not "speculate that the Burns vehicle skidded on the ice causing it to go out of control", it dismissed both claims upon the ground "that the claimants failed to prove that the negligence of the State was the proximate cause of the accident". Dietz, the sole witness to the accident, testified to its occurrence as follows: that he was proceeding west on Route 28 in the early morning of December 14, 1969; as he was about to make a turn, a car came out without stopping at the stop sign at "a higher rate of speed than normally" *[sic]*; that this vehicle (Connors) entered Route 28 and proceeded west directly in front of him; that the car reduced its speed to 50 mph; that he first noticed another vehicle (Burns) traveling easterly along Route 28 when it was 150 feet away; that Burns' vehicle was proceeding at a "normal speed"; that "there came a time when [he] could observe the headlights of the oncoming car (Burns) being out of control"; and that Burns' vehicle crossed the center lane and collided with the vehicle driven by Connors. On cross-examination Dietz stated that Burns' vehicle was in the passing lane prior to the accident; that when he first observed the car it appeared to be proceeding "somewhat parallel with its own lane"; and that "everything simultaneously happened at the same time". When the Burns' vehicle negotiated the curve and entered the straightaway, it just drove to the left. The witness stated that Burns' vehicle did not finish negotiating the curve prior to leaving its lane of travel. It was the testimony of the witnesses that Route 28 is a heavily traveled major artery, especially on a Saturday night. The difficulty which the claimants encountered was in establishing that the State's negligence, if any, was the proximate cause of the accident. The mere happening of an accident creates no presumption of liability against the State *(Tortora v State of New York,* 269 NY 167) since proof of the cause of an accident may not be based upon mere speculation *(Boyce Motor Lines v State of New York,* 280 App Div 693, affd 306 NY 801). A patch of ice in and of itself imposes no liability on the State. In *Gladstone v State of New York* (23 AD2d 593) we said: "The presence of a patch of ice on an otherwise clear highway imputes no negligence to the State and in the circumstances of this

case its failure to eliminate the condition breached no duty owed claimant. *(Quigley v. State of New York,* 281 App. Div. 185, affd. 308 N. Y. 846; *La Tournerie v. State of New York,* 1 A D 2d 734.)" There were a number of other causes rather than the wet or icy condition of the road that could have caused the accident. Burns may have been driving at a speed too great for the conditions which prevailed on the night in question or might have had defective brakes or other defective equipment or he might have been guilty of poor driving. While the burden of proof in a wrongful death action is a lesser one, we see no reason for excusing the total absence of evidence as to the condition of the Burns' vehicle. Assuming, *arguendo,* the negligence of the State, for the claimants to recover, they must prove that the Burns' automobile crossed the highway solely by reason of the wet or icy patch. They have not sustained that burden of proof. Judgment affirmed, without costs. Greenblott, J. P., Kane, Mahoney and Herlihy, JJ., concur; Larkin, J., not taking part.