■ DEAN RUSSELL et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 59204.) JANET L. MALLOTT, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 59831.)—Appeals (1) from a judgment of the Court of Claims, entered August 7, 1978, which awarded $54,554.82 to claimants in Claim No. 59204, and (2) from so much of a judgment in Claim No. 59831 of the same court, entered on the same date, which apportioned said sum so that the State of New York can recover 50% of the moneys paid to claimants in Claim No. 59204 from the claimant in Claim No. 59831. In early June of 1974, the State of New York erected a barrier to close a former vehicular entrance to the Jacques Cartier State Park in St. Lawrence County. The barrier was constructed of galvanized steel guardrails bolted to pine posts anchored into the ground. The configuration was such that the distance between the pine posts, about three feet, constituted a pedestrian entrance into the park, while the remainder of the roadway to either side of the posts was closed by two parallel galvanized guardrails. The State also constructed a turnaround 140 feet long and 74 feet wide immediately to the left of the barrier. In the afternoon of July 7, 1974, Janet Mallott, claimant in Claim No. 59831, aware that the roadway had been closed, invited Mrs. Russell, claimant in Claim No. 59204, to accompany her to see the new barrier. Mrs. Mallott, conscious of the presence of the barrier, operated her 1963 Volkswagen "beetle" along the road leading to the barrier, read the warning signs that the road was barricaded and approached the barrier at a speed of about 20 miles per hour. She applied her foot brake at a point approximately 30 feet from the barrier and crashed into the same when the brake failed to slow her vehicle. She made no effort to steer her automobile into the turnaround. Both the driver and passenger sustained serious personal injuries and commenced separate actions against the State alleging that unqualified employees erected a barrier whose strength was greatly in excess of that necessary to protect the driving public. The trial court agreed. After finding that Mrs. Mallott was contributorily negligent and that she and the State were equally at fault in causing the accident, the court caused the judgments to be entered, which are the subject of these appeals. There must be a reversal. It is settled law that in the area of highway safety, courts should not review determinations of governmental planning bodies, and, further, that something more than a balancing of expert opinions is required before the State may be charged with negligence in planning its highways for the safety of the traveling public *(Weiss v Fote,* 7 NY2d 579, 588). Next, the State is not an insurer of the safety of travelers using its highways *(Stuart-Bullock v State of New York,* 38 AD2d 626, 628, affd 33 NY2d 418; see *Tomassi v Town of Union,* 46 NY2d 91, 97). It is difficult to perceive what more the State could have done that would have prevented the subject accident and the resultant injuries. In keeping with a valid State purpose, the protection of children playing in the park, it determined that a galvanized barricade would afford the greatest protection since it would be located on a highly visible site on a roadway that could be adequately signed, and, further, was contiguous to an area where a turnaround could be built. Such planning is not reviewable for the purpose of determining if the State can be challenged in negligence actions. Judgment in Claim No. 59204 reversed, on the law and the facts, without costs, and claim dismissed. Judgment in Claim No. 59831 modified,

on the law, by striking therefrom the decretal paragraph adjudging that the State recover from claimant in Claim No. 59831 50% of the moneys paid to claimant in Claim No. 59204, and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Casey, JJ., concur.