RICHARD LATTANZI et al., Respondents, v STATE OF NEW YORK et al., Appellants.

Third Department, May 22, 1980

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Dennis Hurley, Jeremiah Jochnowitz* and *Shirley Adelson Siegel* of counsel), for appellants.

*Shayne, Dachs, Weiss, Kolbrenner, Stanisci & Harwood,* by *Faden & Goldmacher (Beth J. Goldmacher* of counsel), for respondents.

### OPINION OF THE COURT

SWEENEY, J. P.

This claim arose out of a single-car accident which occurred on January 3, 1974 on the Southern State Parkway (Parkway) on Long Island. Claimant's vehicle skidded on the icy highway, veered off the shoulder, struck a wooden guardrail which splintered and penetrated the vehicle causing severe personal injuries to claimant. After a trial the court found defendants negligent and claimant free from contributory negligence. The court awarded claimant $450,000, and, for loss of services, his wife was awarded $25,000. This appeal ensued.

Basically, claimant contends that the wooden barrier which splintered and caused his injuries was not properly designed or adequately tested prior to its installation.

█ Initially, we reject defendants' contention that the Jones Beach State Parkway Authority (Authority) had exclusive jurisdiction over that portion of the Parkway where the accident happened. While we did not conclusively decide that issue on an earlier appeal (*Littanzi v State of New York*, 54 AD2d 1043), as contended by claimant, we are of the opinion that defendants are joint tort-feasors with the Authority. Former section 672-a of the former Conservation Law granted full jurisdiction over the Parkway to the Long Island State Park and Recreation Commission (LISP). Merely a portion of this jurisdiction was divested when a modicum of LISP's power was granted to the Authority (Public Authorities Law, § 153-b, subd 2).

█ Defendants had the obligation to provide adequate and proper barriers (*Zalewski v State of New York*, 53 AD2d 781).

The record clearly demonstrates that defendants had real concern as to the efficacy of wooden guardrails. A memorandum written two years prior to the accident by the Director of Engineering Research and Development for the New York State Department of Transportation stated, "[w]e would be fearful of wood sections penetrating the passenger compartment of an impacting car". This concern is precisely what happened in the instant case. In our view, there is ample proof in the record to support the conclusion of the Court of Claims that the State did not properly design and test the guardrail system and that the inferior capabilities of the guardrail were the proximate cause of the injuries resulting to claimant. Defendants' argument that the circumstances surrounding claimant's collision with the guardrail were not foreseeable is without merit.

We also reject defendants' contention that claimant was guilty of contributory negligence. This issue presented questions of fact and credibility which the trial court resolved in claimant's favor. The uncontested testimony is that claimant was driving between 30 and 35 miles per hour on this six-lane highway when he applied his brakes, skidded on the icy highway and veered off and struck the guardrail. The slight damage to his vehicle except for that caused by the penetrating wooden guardrail, as demonstrated by the photographic exhibits, supports claimant's contention that he was driving at a reasonable rate of speed. We conclude that the court's determination on the issue of claimant's contributory negligence is not against the weight of the credible evidence or contrary to the law and, therefore, it should not be disturbed (*Rolando v Department of Transp. of State of N. Y.,* 58 AD2d 694; *Schoonmaker v State of New York,* 32 AD2d 1005). Considering the record in its entirety, there should be an affirmance.

The judgment should be affirmed, with costs.

HERLIHY, J. (dissenting). Upon the present record, the claimants have failed to establish any ground for liability on the part of the State of New York or the Long Island State Park and Recreation Commission (LISP) which would be a basis for jurisdiction in the Court of Claims.

It is undisputed that in 1967 when the decision was made by LISP to utilize the combination steel cable and wooden guardrail at issue herein, there was a great deal of uncertainty and dispute among the professionals concerned with

guardrails as to what materials and designs should be utilized on highways in this State and/or in the United States. It is a matter of common knowledge that in those areas of the country where wood was available and plentiful, wood was generally utilized to a large extent in design and construction prior to the advent of particularized studies in the late 1960's. Further, there was no offer of proof that any governmental entity had enacted standards for guardrail designs prior to 1967 or during 1967 which excluded wood. At most it is shown that new construction generally involved the use of metal rails.

We perceive no sound basis in the evidence for the rationale that the promotion of metal as an adequate product for guardrail construction supports a conclusion that wood was inadequate or inherently more dangerous to highway users.

The rule is not whether the guardrail was the best that might be usable, but rather what was used was done so in the exercise of reasonable judgment. The issue here is not proper maintenance, but whether the decision to use wood as a guard barrier was, under the circumstances, reasonable. Testimony was that wooden guardrails had been the norm for the State highways for many years and were still in existence at the time of the happening of this accident.

The claimants have not carried their burden of establishing that in 1967 the State or LISP either failed to follow their own standards or negligently constructed an unusually dangerous condition for users of the highway. The record contains proof of some testing of the subject guardrail system prior to its general installation and the accident herein establishes that the system did accomplish its purpose of preventing the vehicle from leaving the highway.

Further, it is undisputed that subsequent to the original construction of the guardrail at issue herein pursuant to the 1967 contract, jurisdiction over repairs and maintenance passed to the Jones Beach Parkway Authority (Authority). To the extent that the claimants have established that subsequent to the general construction, the State of New York would consider the wooden system inadequate or unreasonably dangerous, there is no showing that either LISP or the State would be responsible for a failure to redesign and replace the system as of the time of the accident in 1974.

The cause of action which the majority finds established cannot be a basis for an award because there was a failure to

join the Authority to this action and any knowledge gained "two years prior to the accident" would be relevant to the responsibilities of the Authority (*McCormick v State of New York,* 51 AD2d 28).

Finally, the finding that the claimant was not guilty of contributory negligence is against the weight of the evidence.

In the posture in which the case comes to this court, the claimants are entitled to the most favorable interpretation of the evidence. With that in mind, the claimants in their brief describe the accident as follows: "Immediately prior to the accident, Lattanzi saw the vehicle directly ahead of him, distant from the Lattanzi vehicle by two car lengths, apply its brakes. Lattanzi then applied his brakes and immediately felt the front end of the vehicle skid to his right, towards the middle lane of traffic. Lattanzi, aware there was a car travelling slightly behind and adjacent to his in the middle lane, and in an attempt to avoid a collision, immediately turned the wheel, trying to straighten the vehicle. The vehicle then started travelling to the left, towards the median, but Lattanzi was unable to steer it away. Repeated pumping of the brakes failed to slow the vehicle which was now fully sliding on ice. The wheels continued to slide, ultimately causing the vehicle's front end to strike the median barrier. By the point of impact, the vehicle had fishtailed, and was all but turned around, with its rear end now facing east."

The claimant husband was operating a van owned by his employer and the record establishes that on prior occasions there had been difficulties with the locking of the steering wheel and the application of the brakes, of which the claimant had knowledge. (See *McCauley v State of New York,* 8 NY2d 938; *Gladstone v State of New York,* 23 AD2d 593.) *Zalewski v State of New York* (53 AD2d 781), relied upon by the majority, is not applicable.

It is not enough that an accident happen for someone to recover, and from the above description, it seems apparent that the claimant himself was guilty of negligence in the operation of the truck (see *Russell v State of New York,* 75 AD2d 907).

The judgment should be reversed, and the claim dismissed.

STALEY, JR. and CASEY, JJ., concur with SWEENEY, J. P.;

KANE and HERLHIY, JJ., dissent and vote to reverse in an opinion by HERLIHY, J.

Judgment affirmed, with costs.