■ W. TED WALRICH et al., Respondents, v SECURITY MUTUAL INSURANCE COMPANY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Harlem, J.), entered September 14, 1982 in St. Lawrence County, which denied defendant's motion for summary judgment and granted partial summary judgment in favor of plaintiffs. In 1976, W. Ted Walrich, one of the plaintiffs, acquired from the Tuckers a warranty deed to 100 acres of unimproved land located on Sturdivant Road in the Town of Colton. Three years later, both plaintiffs entered into a land contract with one Charles Coleman to purchase an adjacent 60-acre parcel also located on Sturdivant Road; this parcel was improved by a home, garage and small building. Plaintiffs obtained a homeowner's insurance policy from defendant in July, 1979; under the policy the carrier's liability for unscheduled personal property loss was limited to $15,000. Two months later, plaintiff W. Ted Walrich constructed a building on the 100-acre tract for use as a fiberglass fabricating shop and as storage space. That building was damaged by fire in January, 1980, prompting this suit to recover the policy limit. The policy identifies the named insureds as "W. Ted Walrich & Peggy Jo Walrich (Contract Owners) & Charles Coleman (Deed Owner)" and affords protection to the "described residence premises" located at "Sturdivant Rd., Town of Colton". Defendant maintains that the destroyed structure was not on the described premises but on adjacent premises and, therefore, defendant's liability for any unscheduled personal property loss is limited by the terms of the policy to 10% of the specified coverage, namely, $1,500. Special Term denied defendant's motion for summary judgment which sought to enforce this limitation, and instead granted summary judgment to plaintiffs to the extent that it found the 100-acre tract was part of the "described residence premises"; further proceedings were ordered to determine the amount of damages incurred. We reverse that portion of Special Term's order which granted partial summary judgment to plaintiffs and remand for

trial. An ambiguity exists on the face of the policy with respect to the identity of the premises which the parties intended to insure; that intent can only be resolved by resort to extrinsic evidence. While the policy states the insured premises are located on Sturdivant Road in the Town of Colton, from which it can be inferred, as plaintiff urges, that both parcels made up one entire property, reference is also made to both plaintiffs as being contract owners and to Coleman as the deed owner, thus suggesting that only the 60-acre parcel was to be covered. Furthermore, in addition to having different owners, the parcels are separately assessed. This lack of specificity in the description of the premises intended to be covered presents a triable fact issue (*Hartford Acc. & Ind. Co. v Wesolowski,* 33 NY2d 169, 172; see *Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 554), precluding summary judgment. Special Term's reliance on *Breed v Insurance Co. of North Amer.* (46 NY2d 351) and its rule of strict construction in favor of the insured was misplaced because, in *Breed,* unlike here, the policy was not manifestly ambiguous on its face. Order modified, on the law, by reversing so much thereof as granted partial summary judgment in favor of plaintiffs, matter remitted for trial; and, as so modified, affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.