STATE OF NEW YORK, Appellant, v HOME INDEMNITY COMPANY, Respondent.

Third Department, January 17, 1985

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Richard J. Dorsey* and *William J. Kogan* of counsel), for appellant.

*Deegan, Scibilia & Reardon (Robert Aurigema, Donald E. Deegan* and *Marian C. Rice* of counsel), for respondent.

### OPINION OF THE COURT

KANE, J. P.

The State of New York seeks to recover from defendant approximately $570,000 for breach of an insurance contract which the State alleges defendant issued, covering the State for such occurrences as resulted in a judgment against it in the sum $569,963.91, with interest and costs. The particular facts and circumstances describing that incident are set forth in two decisions of this court when the underlying action was before us on prior occasions (see *Lattanzi v State of New York,* 74 AD2d 378, affd 53 NY2d 1045; *Littanzi [sic] v State of New York,* 54 AD2d 1043).

On this appeal, the central issue concerns construction of the insurance policy in question. It is a standard policy of "Owners, Landlords and Tenants Liability Insurance" issued to (1) Jones Beach State Parkway Authority (Authority) and (2) the People

of the State of New York as interests may appear, as named insureds. The Court of Claims imposed liability upon the State for the actions of the Long Island State Park and Recreation Commission and the Department of Transportation in their design, testing and construction of a guardrail system which was found to be a proximate cause of claimants' injuries and damages, finding that the State's obligation to maintain highways in a reasonably safe condition extended to the design and placement of median barriers, i.e., the guardrails in question.

Defendant has rejected the State's demand for indemnification under the provisions of its policy of insurance, contending that protection under the policy was intended only for the Authority as a primary insured with the phrase "The People of the State of New York as interests may appear" being mere "words of art", not creating any additional coverage to other instrumentalities of the State. Defendant further contends it has steadfastly maintained this position throughout the long legal history of this matter, defending the State and its instrumentalities only under a reservation of rights, and insists, at the very least, that questions of fact exist which are sufficient to defeat the cross motion for summary judgment by the State in this action for breach of contract. We disagree.

Defendant's policy of insurance provides coverage for two named insureds. They are the Authority, not a party to this litigation, and the People of the State of New York as interests may appear. In our view, no extrinsic evidence is necessary to construe this unambiguous language or determine the interests of the parties to the contract of insurance. Thus, the issue to be resolved is one of law for the court (*Hartford Acc. & Ind. Co. v Wesolowski*, 33 NY2d 169). "The State" and "The People of the State of New York" are equivalent expressions, the latter being the usual and accepted one to designate the political entity called the State (see *Mills Co. v State of New York*, 110 App Div 843, 850-851, affd 187 NY 552; *People v Rodriguez*, 13 Misc 2d 1004, 1006, affd 19 AD2d 799; 70 CJS, People, p 446, n 22; Ballentine's Law Dictionary [2d ed], p 950).

Therefore, the State of New York is a named insured under defendant's policy of insurance and is entitled to indemnification for the amount it paid in satisfaction of the judgment obtained against it in the underlying claim. We arrive at this conclusion by examining the decision of the Court of Claims upon which judgment was entered in that action and affirmed by this court (*Lattanzi v State of New York*, 74 AD2d 378, affd 53 NY2d 1045, *supra*). Specifically, the Court of Claims found that

"the Long Island State Park and Recreation Commission, a political subdivision of the State, did maintain operation and control of the accident situs", and that "[t]he State's obligation to maintain highways in a reasonably safe condition extends to the design and placement of median barriers".

The contract of insurance herein provided that defendant agreed to pay:

"on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

"A. bodily injury, or

"B. property damage

"to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto".

Since the named insureds were held to be joint tort-feasors (*supra*), defendant's liability has been established and summary judgment to the State should be granted.

YESAWICH, JR., J. (dissenting). I respectfully dissent. The insurance contract expressly qualified the People's status as a named insured with the term "as interests may appear". Yet neither the State nor the majority attributes any significance to this phraseology, despite the clear admonition that "[e]very clause or word in an insurance contract is deemed to have some meaning" (*Theatre Guild Prods. v Insurance Corp. of Ireland,* 25 AD2d 109, 111, affd 19 NY2d 656). In my view, this phrase cannot be so complaisantly overlooked for it bears on the extent of the insurance coverage to be provided.

Defendant has submitted extrinsic evidence that this phrase is a term of art limiting the State's coverage to liability imposed upon it by reason of acts or omissions of the Jones Beach State Parkway Authority. This comports with the manner in which the language is usually interpreted in property insurance contracts, which is to circumscribe and restrict the interest of the insured party (see *Citizens Sav. & Loan Assn. of N. Y. v Proprietors Ins. Co.,* 78 AD2d 377; *Grady v Utica Mut. Ins. Co.,* 69 AD2d 668, 674; see, generally, 17 Couch, Insurance 2d, p 342; 31 NY Jur, Insurance, § 1506, p 372). What the parties intended by inserting the words "as interests may appear" is therefore crucial to the disposition of this case. Since "determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence, [that] determination is to be made by

the jury (Restatement, 2d, Contracts, T.D. No. 5, § 238)" (*Hartford Acc. & Ind. Co. v Wesolowski*, 33 NY2d 169, 172; see, also, *Walrich v Security Mut. Ins. Co.*, 96 AD2d 658). Accordingly, I would affirm.

MAIN, WEISS and MIKOLL, JJ., concur with KANE, J. P.; YESAWICH, JR., J., dissents and votes to affirm in an opinion.

Order reversed, on the law, with costs, cross motion granted, and summary judgment awarded to plaintiff.