■ MCKENZIE WILLIS, Appellant, v STATE OF NEW YORK, Respondent.—Harvey, J. Appeal from a judgment of the Court of Claims (Quigley, J.), entered September 23, 1985, which dismissed the claim.

On May 20, 1982, claimant was traveling south on Route 32 in Ulster County when another vehicle allegedly entered into his path of travel from a side road. In an attempt to avoid the vehicle, claimant purportedly applied his brakes and his vehicle skidded across the road into the guardrails and a utility pole. The driver of the other vehicle left the scene of the accident and was not located. Claimant commenced this action against the State for alleged negligence in the maintenance of the guardrails and placement of the utility pole. Following trial of the matter, the Court of Claims held that claimant failed to sustain his burden of showing negligence on the part of the State. The claim was thus dismissed. This appeal ensued.

Claimant has limited his argument on appeal to the conten-

tion that the evidence at trial established that the guardrail anchor was not attached and that the guardrail system failed because of the unattached anchor. The State's duty to construct and maintain its highways in a reasonably safe condition includes a duty to maintain safe guardrails *(Lattanzi v State of New York,* 74 AD2d 378, *affd* 53 NY2d 1045; *Zalewski v State of New York,* 53 AD2d 781). Liability can be imposed when a guardrail system is improperly maintained and allowed to remain in a defective and unsafe condition *(Van Son v State of New York,* 116 AD2d 1013, 1014).

Two of the witnesses who testified on behalf of claimant stated that several accidents had occurred at the same site as claimant's and that the guardrail anchor had come loose as a result of these accidents. The State produced evidence that State employees visually inspected the guardrails every other day and that no accidents had been reported involving the guardrails in question. A licensed engineer called as an expert by the State testified that when the guardrails were installed in 1956 they were in compliance with the relevant standards *(cf., Schwartz v New York State Thruway Auth.,* 61 NY2d 955, 956). He stated that the guardrails were designed to prevent northbound vehicles from impacting a rock outcrop in the northeast quadrant of the intersection. Claimant's vehicle was traveling south and the State's expert opined that when claimant struck the anchor post from this direction it destroyed the function of the guardrail system as an entity. We conclude that the record supports the Court of Claims interpretation of the evidence and its conclusion that claimant failed to establish negligence on the part of the State.

Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.