■ RITA A. BRADLEY et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 1.) DONALD J. BRADLEY, III, et al., Infants, by DONALD J. BRADLEY, JR., Their Father, Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 2.)— Mikoll, J. Appeals from two judgments of the Court of Claims

(NeMoyer, J.), entered February 24, 1986, which dismissed the claims.

On September 12, 1978 at about 7:00 P.M., claimant Donald J. Bradley, Jr. (hereinafter Mr. Bradley) was operating his vehicle in a westerly direction on Route 66 in the Town of Sand Lake, Rensselaer County, at about 45 miles per hour. Also in the vehicle were his wife, claimant Rita Ann Bradley (hereinafter Mrs. Bradley), and their two young sons, claimants Donald J. Bradley, III, and Patrick J. Bradley. The weather was clear and dry and the lighting was good. When claimants' car was halfway through the second curve of an "S" shaped curve in the highway, Mr. Bradley noticed a red car approaching from the opposite direction in his lane and heading straight toward him.

In the area of the accident, Route 66 was a two-lane macadam highway with a 55 mile-per-hour speed limit. Each lane was 10 feet in width with a 3-foot-wide paved shoulder. Double yellow lines marked the center of the highway but there were no lines denoting the edge of the roadway near the shoulder. Adjacent to the three-foot stabilized shoulder was a grassy area and a ditch from which a culvert crossed under the road. The headwall of the culvert was located about four feet from the edge of the shoulder. A telephone pole was located about 26 feet beyond the culvert and about four feet from the edge of the paved shoulder and seven feet from the edge of the traveling lane.

Mr. Bradley testified that he first noticed the red car when it was about 125 feet away from his car. In an effort to avoid a head-on collision, he stepped on the brakes and swerved to the right. His car fishtailed for several feet and then hit an unknown object which claimants later assumed to be the headwall of the culvert. Mr. Bradley claims that as a result of this impact, the right rear tire blew, he lost control of the car and was unable to swerve to the left and return to the highway. The right passenger side of the car struck a telephone pole shearing it off. Serious injuries to claimants resulted.

After a trial of the issues raised by the claims and the answers filed by the State, the Court of Claims found in a bench decision, *inter alia,* that the sole proximate cause of claimants' accident was the unidentified red car crossing the double yellow line and coming into claimants' westbound lane. Additionally, the court found that the three-foot shoulder on Route 66 was not defective in any way that contributed to the accident and the absence of painted edge markings between

the driving lane and the shoulder did not contribute to the accident. Further, the court stated that it was not convinced by a preponderance of the evidence that the guidepost by the headwall of the culvert was not there at the time of the accident. Judgments dismissing the claims were entered and these appeals followed.

There should be an affirmance. Claimants did not sufficiently establish that negligence of the State in the construction and maintenance of its highway was a proximate or concurring cause of the accident. While the State is not an insurer of the safety of travelers on its roadways, it owes the traveling public the nondelegable duty of keeping the highways in a reasonably safe condition (see, Cordts v State of New York, 125 AD2d 746, 748). The State also has a comparable duty when it undertakes to provide a shoulder adjacent to the highway (see, Bottalico v State of New York, 59 NY2d 302, 305; Raynor v State of New York, 98 AD2d 865, 866).

However, even if the State was negligent in some respects with the maintenance of its highway, claimants have not decisively established that any such negligence was a contributing proximate cause of their injuries. There was no proof that the traveling lanes of the highway were defective and the Court of Claims properly found that the three-foot stabilized shoulder was not defective in any way. Claimants' contention that a cause of the accident was the failure to have edge markings between the traveling lane and the shoulders was also properly rejected. It is clear that the presence or absence of such markings in no way contributed to the happening of this accident since Mr. Bradley had no alternative but to pull off to the right to avoid the oncoming red car. Also, Mr. Bradley testified that he could differentiate between the traveling lane, the shoulder and the grassy area to the right of the road. Claimants have also failed to show how four feet of grassy area and the three feet of paved shoulder was an unreasonable recovery area or that it was a proximate cause of their injuries.

We find unpersuasive claimants' argument that they offered ample evidence that the guidepost by the headwall of the culvert was not in place at the time of the accident. Not only is there insufficient evidence to show that the guidepost was not there, it is not even clear that claimants' car encountered the ditch or the culvert at all. Mr. Bradley testified that he did not see any guidepost when he swerved to avoid the red car and that he did not see the telephone pole. However, there was photographic evidence presented showing that the guide-

post was in place in 1975, three years before the accident, and not in place after the accident, but nothing to show whether it was in place at the time of the accident.

Mr. Bradley testified that approximately one week after the accident he returned to the scene and found that the telephone pole which he struck had been replaced, that there was a ditch along the right side of the road leading into the culvert, and that he discovered a broken concrete guide marker in the ditch. He surmised that at the time of the accident his right rear tire had come in contact with the culvert and had blown. Other than Mr. Bradley's postaccident speculation, no evidence was produced showing the exact path of claimants' vehicle and what it encountered. It is significant that claimants' highway engineer, Joseph S. Champagne, testified that the presence of the guidepost would have deflected claimants' car back onto the highway. Champagne also admitted that his conclusions concerning the guidepost were based on Mr. Bradley's statement that the red car had already passed the culvert at the time of claimants' impact. However, Mrs. Bradley testified that the red car was passing opposite their car at the time of impact with the telephone pole. Thus, according to Champagne's and Mrs. Bradley's testimony if the guidepost was in place it would have caused a head-on collision with the red car, rather than avoiding one.

Claimants' argument that the placement of the telephone pole within four feet of the highway shoulder was negligence for which the State should be held liable is rejected. Claimants are alleging negligent maintenance, not negligent design or construction. While the State has a continuing duty to review the operation of its highways in light of their actual operation, subsequent events after the highway was constructed and the pole was placed gave no notice of any danger to motorists since Champagne testified that he had researched the accident history of the telephone pole and found that there had been no prior reports of vehicles hitting it (see, Terwilliger v State of New York, 96 AD2d 688, 689, lv denied 60 NY2d 558; Gladstone v State of New York, 23 AD2d 593, affd 18 NY2d 987).

As the Court of Claims findings are not against the weight of the credible evidence, nor contrary to law, the judgments should not be disturbed (see, Conti v Henkel, 60 AD2d 678, lv denied 44 NY2d 641; Shipman v Words of Power Missionary Enters., 54 AD2d 1052, 1053).

Judgments affirmed, without costs. Mahoney, P. J., Main, Casey, Mikoll and Levine, JJ., concur.