■ JOANNE L. SEGNIT, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 68368.)—In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Lengyel, J.), dated February 27, 1987, which, after trial, dismissed her claim.

Ordered that the judgment is affirmed, without costs or disbursements.

The Court of Claims properly dismissed the claim. The claimant's expert testified that when the subject bridge was built approximately 50 years ago it met the then-current standards. The State was not obligated to subsequently replace the cast iron guardrails simply because better guardrails became available *(see, Van De Bogart v State of New York,* 133 AD2d 974, 976; *Holscher v State of New York,* 59 AD2d 224,

227, *affd* 46 NY2d 792). The bridge was renovated in the early 1960's. At that time the State was obligated to use due care in the renovation and may have been obligated to replace the guardrails *(see, Weiss v Fote,* 7 NY2d 579, 585-586; *Zalewski v State of New York,* 53 AD2d 781, 782). However, the claimant offered no proof that retention of the cast iron guardrails during that renovation constituted a failure to use due care *(see, Weiss v Fote, supra,* at 585-586).

The claimant relies heavily upon *Van Son v State of New York* (116 AD2d 1013, 1014) and *Zalewski v State of New York (supra).* Those cases involved cast aluminum guardrails. In *Van Son* the claimant produced memoranda that indicated the State knew that cast aluminum guardrails were "deadly * * * when hit" and tended to "shrapnelize" on impact, endangering other vehicles and passersby with fragments *(see, Van Son v State of New York, supra,* at 1015). In *Zalewski* the claimant produced evidence that the State knew that aluminum guardrails were extremely brittle and that they would not absorb and distribute impact *(see, Zalewski v State of New York, supra,* at 782). Notice of a similar hazard posed by cast iron guardrails was conspicuously absent in the instant case. Therefore the instant claim was properly dismissed *(see, Puliatti v State of New York,* 91 AD2d 1192, 1193, *lv denied* 59 NY2d 603).

In light of the foregoing, we need not consider the remaining contentions of the parties. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.