■ BARBARA KERNS, as Executrix of ALICE M. KUHN, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 82133.) [641 NYS2d 775] —Judgment affirmed without costs. Memorandum: On July 8, 1990, decedent was driving south on Main Street in the business district of downtown Brockport. As she approached the lift bridge over the Erie Canal, an oncoming car left the bridge as the bridge began to rise. Just before the bridge, decedent passed two red stop signals, one overhead and the other on the left side of the road, and slammed into the lift bridge when it was raised approximately 18 inches. The Court of Claims found defendant 40% liable for the accident, based upon its failure to install a lift gate barrier as required by the Manual of Uniform Traffic Control Devices (Manual).

Defendant argues that, because the Manual's requirement for gates at lift bridges was adopted in 1983, it had until 1993 to install that safety device at the bridge pursuant to Vehicle and Traffic Law § 1680 (c). We disagree. The lift bridge, located in the middle of a business district, was used only sporadically in the summer months. Despite that infrequent use, several accidents similar to this one had occurred in the preceding 10 years. In light of the circumstances, those accidents were sufficient to put defendant on notice of a dangerous condition. "Once the State is made aware of a dangerous traffic condition it must undertake reasonable study thereof with an eye toward alleviating the danger" (Friedman v State of New York, 67 NY2d 271, 284). Because defendant failed to study the dangerous traffic condition or formulate a plan to remedy it, defendant is liable for resulting injuries (see, Friedman v State of New York, supra, at 286; Cummins v County of Onondaga, 198 AD2d 875, 877, affd 84 NY2d 322; Carroll v State of New York, 157 AD2d 697, 698).

All concur except Pine, J. P., and Doerr, J., who dissent and vote to reverse in the following Memorandum:

Pine, J. P., and Doerr, J. (dissenting). We respectfully dissent; we would reverse and dismiss the claim.

The lift bridge at issue was built in 1915 and remained

substantially unmodified in 1990, when this accident occurred. A Regional Design Engineer employed by the New York State Department of Transportation testified that adding gates to the lift bridge would cost about $1.5 million. Defendant (the State) had started the process to rehabilitate the bridge in 1986; by 1989 design work had progressed but construction had not begun. The record reflects that there had been three accidents on the lift bridge in the 10 years preceding the accident, in 1980, 1984, and 1987. The Court of Claims found the State free from negligence with respect to the 1987 accident (*Sacheli v State of New York,* Ct Cl, Dec. 11, 1989, Quigley, J. [claim No. 76992]). In that case, the court considered reports of the 1980 and 1984 accidents.

In maintaining older highways, the State is not obligated to undertake expensive reconstruction simply because safety design standards have changed (*Segnit v State of New York,* 148 AD2d 519, *lv denied* 75 NY2d 702; *Van De Bogart v State of New York,* 133 AD2d 974, 976). The State's duty is measured, not by current design standards, but by reasonableness (*see, Tomassi v Town of Union,* 46 NY2d 91, 97). In our view, claimant failed to establish that the road as it existed on June 8, 1990 was not reasonably safe for drivers who obeyed the rules of the road (*see, Tomassi v Town of Union, supra*). (Appeal from Judgment of Court of Claims, Corbett, Jr., J.—Negligence.) Present—Pine, J. P., Lawton, Fallon, Callahan and Doerr, JJ.