■ PETER McDONALD, Appellant, v STATE OF NEW YORK, Respondent. [763 NYS2d 379] —Mugglin, J. Appeal from a judgment of the Court of Claims (Lebous, J.), entered June 24, 2002, upon a decision of the court in favor of defendant.

Claimant, a police officer employed by the New York City Department of Environmental Protection, was assigned to patrol the perimeter of Rondout Reservoir in the Town of Neversink, Sullivan County. In the early morning hours of February 15, 1997, while in the performance of his duties, claimant was operating his employer's Jeep Cherokee on County Route 55A toward a T-intersection formed by this road and State Route 55. Both a stop sign, at the end of Route 55A, and a "double arrow" sign, on the east side of Route 55, were present

and visible. Claimant slowed to approximately 25 miles per hour and applied the brakes as he approached the stop sign. The road surface, however, was covered with black ice and, although claimant pumped the brake pedal, he slid across Route 55, through a hole in the guide rail caused by a prior accident, and down a steep embankment where he collided with a large tree near the bank of a stream.

Our review of the record finds ample support for the findings of the Court of Claims that defendant had a general duty to construct and properly maintain the guide rail along the east shoulder of Route 55, that defendant failed to maintain this stretch of guide rail in a reasonably safe condition for at least two months prior to this accident and that, based on the numerous accidents that occurred in this area through the years, including two reported accidents which occurred about 60 days prior to claimant's accident, defendant had actual or constructive notice of this dangerous condition and failed to take reasonable measures to remedy it. In addition, we find ample support for the crediting by the court of the opinion testimony of claimant's expert that had the guide rail been in place at the time of claimant's accident, his vehicle would have been restrained by the guide rail and would not have gone over the embankment. Nevertheless, the Court of Claims dismissed the claim, concluding: "Since the guide rail was not intended for perpendicular traffic, its absence here equates only to a breach of duty running to those users of the highway traveling parallel to the same. As such, Claimant cannot avail himself of the absence of that guide rail, despite [defendant's] notice that it was missing, as a proximate cause of this accident. To the contrary, this accident was caused by the Claimant who, although fully familiar with these roadways and weather conditions that evening, drove his vehicle at a speed not reasonable or prudent for the conditions then and there existing and failed to keep his vehicle under control at all times. In short, it was Claimant's imprudent operation of his vehicle which proximately caused him to leave the roadway" (citation omitted). We disagree with these conclusions and, therefore, reverse.

In reviewing a nonjury verdict, we independently weigh the evidence presented and, if necessary, grant judgment warranted by the record after according the required due deference to the trial court's resolution of the credibility of conflicting evidence (see Danka Off. Imaging Co. v General Bus. Supply, 303 AD2d 883, 884 [2003]). Defendant has a nondelegable duty to adequately design, construct and maintain its roadways in a reasonably safe condition (see Friedman v State of New York,

67 NY2d 271, 283 [1986]), and this duty extends to the design, construction and maintenance of guide rails (see Lattanzi v State of New York, 53 NY2d 1045 [1981]; Matter of Kirisits v State of New York, 107 AD2d 156, 158-159 [1985]). Where, as here, there is a known dangerous condition opposite a T-intersection, it is negligence not to have erected a guide rail (see Jerry v State of New York, 15 AD2d 717 [1962]; Falkowski v State of New York, 26 Misc 2d 367 [1961]). Moreover, at points of danger, a municipality is obliged to provide barriers sufficient to hold an automobile traveling at a reasonable rate of speed (see Brady v City of New York, 39 AD2d 600, 601 [1972]; see also Zalewski v State of New York, 53 AD2d 781 [1976]). Liability will be imposed even where the collision occurs at or near a 90-degree angle with the inadequate barrier (see Brady v City of New York, supra at 601). Because, under the circumstances of this case, defendant had a duty, which extended to claimant, to repair the guide rail, we find that claimant's evidence establishes that the absence of the guide rail at that time and place was a proximate cause of his accident. Moreover, the record establishes that neither party had actual or constructive notice of the existence of black ice at the scene of the accident. In light of this fact, we are unable to conclude, as did the Court of Claims, that there is any evidence that claimant's operation of his vehicle was unreasonable or imprudent.

Mercure, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Court of Claims for a determination of claimant's damages.