BARBARA HALL, Formerly BARBARA BIEBER, Respondent, v. STATE OF NEW YORK, Appellant.   (Claim No. 44782.)

Memorandum: Claimant-respondent was driving to her place of employment at a speed of 20 to 30 miles per hour on a clear Winter's day on a road which was free of ice and snow.   For a period of some distance the narrow road wound downhill and uphill around many curves.   At the place of the accident, claimant was proceeding uphill and as she was coming out of a reverse curve was suddenly confronted with a patch of ice which caused her to skid to her left, over a one-foot shoulder and over steel cables erected by the State and down a steep embankment of more than 60 feet.   The trial court found, and it was conceded by the State, that concrete guideposts were in such a state of disrepair that the cables between them were in a slackened position and tipped away from the highway several inches from vertical.   All the witnesses, including the State's employee in charge of maintenance, testified that this defective and unsafe condition had existed for many months and perhaps years before the accident.   We concur with the trial court's finding that "The negligence of the State in maintaining its guardrails was a proximate cause of this accident".   Appellant State contends that *Gladstone* v. *State of New York* (23 A D 2d 593, affd. 18 N Y 2d 987) mandates a reversal of the award and dismissal of the claim.   The facts in the instant case are substantially different and distinguishable from those in *Gladstone*.   The trial court in *Gladstone*

found that "the highway at or near the scene of the accident was fairly level in grade and curved to the west" (beyond the point of the accident) and also refused to find "that the gorge is unusually dangerous". The narrow and winding road, the reverse curve, the narrow shoulder between the edge of the highway and the precipitous embankment in the case at bar justify the application of the rule laid down in Countryman v. State of New York (251 App. Div. 509, 513, affd. 277 N. Y. 586) where the court in referring to State erected barriers said: "They are to be placed where the way is perilous or where there are unusual or exceptional conditions, and they must be of a kind and so located to furnish 'protection for travel generally'". The indifference of the State toward the protection of the public at a place clearly dangerous (Sporberg v. State of New York, 226 App. Div. 113, 116), by permitting the barriers to remain in an obviously defective condition over a substantial period of time, requires that it respond to claimant for its negligence. (Appeal from judgment of Court of Claims, in a negligence action.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.