J ones, J.
 

 May the State of New York be held liable for failure to have erected a barrier in the median between the traffic lanes of a divided express highway, where such failure, while not causing the motor vehicle accident, could be said to have aggravated the injuries sustained?
 

 
 *420
 
 The Court of Claims found negligence and thus liability in a wrongful death action against the State. The Appellate Division reversed and dismissed the claim. We agree with the Appellate Division and accordingly affirm.
 

 In the midafternoon hours of August 26, 1967 the decedent was traveling eastbound on the Cross-Westchester Expressway (also known as Route 287). The two eastbound and the two westbound lanes of the highway were separated by a mall 20% feet in width. It had been raining and the highway was wet. In the vicinity of milepost 10.4 east, the Volkswagen sedan being driven by the decedent suddenly left the eastbound lanes, crossed the mall and struck an oncoming car head-on in the westbound lanes, as a consequence of which the driver was killed.
 

 The claim against the State was based on allegations of negligence in the design, construction, maintenance, repair and operation of the highway. The trial court found that the sedan left the eastbound lanes when its wheels became engaged in ruts adjoining the lanes which had no curbing. The court’s finding of negligence arid liability was predicated on absence of curbing, absence of median barrier, and failure to warn of hazardous driving conditions (consisting in failure to install reduce speed signs, absence of signs warning of a dangerous curve and maintenance of confusing and contradictory direction signs). The Appellate Division reversed, holding that there was no evidence in the record to support what must therefore have been the trial court’s speculation as to ruts along the eastbound traffic lanes, that the finding that the State was negligent in failing to install a median barrier in the vicinity of the accident was erroneous, that there was no evidence in the record of hazardous conditions in the vicinity of the accident and that the direction signs were not confusing.
 

 We agree with the determination made at the Appellate Division. Even had there been evidence to support the trial court’s finding of negligence in the absence of curbing, in the failure to post reduce speed or curve warning signs, or in the maintenance of misleading direction signs, there was no evidence whatsover as to what caused the sedan to leave the highway. Thus it could not be said that such negligence, if any, was a substantial factor in bringing about the accident.
 

 
 *421
 
 We also agree that the failure of the State, in the circumstances of this case, to install a median barrier was not negligence
 
 (Weiss
 
 v.
 
 Fote,
 
 7 N Y 2d 579). To the extent, however, that the opinion in the Appellate Division can be read as implying that, in any event, the State could not have been held liable here for failure to erect a median barrier because such failure was not a cause of the decedent’s death, we have some reservations. While the failure to erect a barrier did not cause the sedan to leave the highway, such failure might have been a substantial factor in aggravation of the injuries. In that event, had there been proof of such causation, and, of course, of negligence, the State would have been liable.
 
 (Cole
 
 v.
 
 New York Racing Assn.,
 
 24 A D 2d 993, affd. 17 N Y 2d 761; cf.
 
 Bolm
 
 v.
 
 Triumph Corp.,
 
 33 N Y 2d 151; see
 
 Ranney
 
 v.
 
 Habern Realty Corp.,
 
 281 App. Div. 278, 284, affd. 306 N. Y. 820.)
 

 The order of the Appellate Division should be affirmed, without costs.
 

 Chief Judge Bbeitel and Judges Jasen, Gabbielli, Wachtleb, Rabin and Stevens concur.
 

 Order affirmed.