■ LUCILLE WARREN, as Administratrix of the Estate of BEVERLY WARREN, Deceased, Respondent, v NEW YORK STATE THRUWAY AUTHORITY, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed, with costs. Memorandum: In this one-car accident in which two young persons were killed, the Court of Claims correctly found the State Thruway Authority liable by reason of its failure to meet its own standards for construction of the guide rail. The trial court was cognizant of and properly applied the general rule that "more than a mere choice between conflicting opinions of experts is required before the State or one of its subdivisions may be charged with a failure to discharge its duty to plan highways for the safety of the traveling public" *(Weiss v Fote,* 7 NY2d 579, 588). Thus, the court found that the claimants failed to prove that the defendant was negligent in designing Thruway guide rails with only a 24-inch flare away from a line parallel to the roadway at the imbedded approach end of the guide rail *(Stuart-Bullock v State of New York,* 33 NY2d 418). However, the trial court also correctly found that the defendant's construction of this particular guide rail, which decedents' vehicle straddled before colliding with a concrete bridge pier, constituted negligence. Claimants' measurements, which were taken after the guide rail had been repaired following the accident, indicate that the rail was constructed with only an 11-inch flare from a line parallel to the roadway; and even defendant's measurements, which were taken immediately after the accident, indicate a flare of only 16 inches. Both parties' measurements thus proved that the guide rail was not constructed in compliance with the defendant's own design standard, which required a 24-inch flare (cf. *Danbois v New York Cent. R. R. Co.,* 12 NY2d 234, 239). This evidence supports a finding that the defendant breached its "duty to exercise reasonable care in the construction of [this] guide rail" *(Murray v State of New York,* 44 AD2d 239, 244, affd 38 NY2d 782; *Roberts v Town of Eaton,* 238 NY 420, 422). Finally, the record also supports a finding that the defendant's failure to construct the approach end of the guide rail with the required flare was a proximate cause of the accident (cf. *Murray v State of New York,* 38 NY2d 782, *supra; Stuart-Bullock v State of New York,* 33 NY2d 418, *supra).* Unlike the unwitnessed accident in *Murray (supra),* here an eyewitness observed the decedents' vehicle leave the pavement, straddle the guide rail, and then catapult into the very bridge abutment which the rail was intended to protect. Moreover, photographs taken immediately after the accident indicate that the right, or passenger side, front wheel passed only a few inches to the off-road side of the approach end of the guide rail and that the vehicle approached the guide rail at a small angle from parallel to the roadway. Thus the right front wheel probably would have made contact with the roadway side of the guide rail and the vehicle probably would have been redirected or guided away from the concrete bridge pier, if the approach end of the rail had been

properly constructed with a 24-inch flare. This evidence, which was absent in the *Murray* and *Stuart-Bullock* cases, *supra,* adequately supports the trial court's finding of proximate cause *(Hall v State of New York,* 28 AD2d 1203; cf. *Schoonmaker v State of New York,* 32 AD2d 1005, 1006). Claimants were not required to prove that the decedents were free of contributory negligence to recover in these wrongful death actions (EPTL 5-4.2), and the trial court properly found no contributory negligence by decedents. We agree with the trial court that the claimants "met their burden of proving that what happened would not have happened but for the Thruway Authority's negligence". The questions of fact and credibility of witnesses were properly the province of the Court of Claims and absent any determination that its findings were incorrect or contrary to the weight of evidence, its decision should not be disturbed. (Appeal from judgment of Court of Claims in claim for damages for wrongful death.) Present—Moule, J. P., Cardamone, Mahoney, Goldman and Witmer, JJ.