### (July 12, 1976)

■ MARY JOHNSON, Appellant, v STATE OF NEW YORK, Respondent.— Judgment unanimously affirmed, without costs. Memorandum: Claimant appeals from a judgment dismissing after trial her claim against the State of New York for damages for personal injuries sustained as the result of a fall while descending so-called stairs constructed and maintained by the State at Clark Reservation, a State park located in Jamesville, New York. She contends that the trial court's determination was against the weight of the evidence. Claimant alleges violation of the common-law standard of care and accepted construction standards relative to stairs as well as standards of care imposed by the State Building Code. To understand the trial court's determination, one has only to look at the photographs of the stairs. It is readily apparent that the subject stairs is not a conventional flight of stairs but, rather, a "stepped pathway" built for the convenience of the public with so-called treads being approximately six feet wide and having varying depths running from 28 inches to 43½ inches. Considering the dimensions of the treads, the facility is obviously distinguishable from a flight of stairs to be utilized at a normal gait by a person descending or ascending. On such

basis alone, the trial court, therefore, correctly held inapplicable stairway construction provisions contained in the State Building Code. Nor, considering the rustic setting, degree of descent and depth of the so-called treads, can it be said, as a matter of law, that the State violated any common-law standard of care in the construction of the "stepped pathway". In addition, the photographs and testimony disclose a straightaway observation of the course from top to bottom of the "stepped pathway" and negate the existence of an inherently dangerous trap upon which to premise liability. As for any negligence on the part of the State in its maintenance of the "stepped pathway", the record amply sustains the trial court's implicit finding that reasonable measures were undertaken in the sweeping of debris and cutting back of foliage, with the only evidence of moss accumulation being limited to the extreme exterior ends of the concrete risers which in no way contributed to claimant's fall. As this court recently stated in *Warren v New York State Thruway Auth.* (51 AD2d 679, 680), "The questions of fact and credibility of witnesses were properly the province of the Court of Claims and absent any determination that its findings were incorrect or contrary to the weight of evidence, its decision should not be disturbed". (Appeal from judgment of Court of Claims—negligence.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.