*113 OPINION OF THE COURT
Arnold G. Fraiman, J.
This is a motion by defendant for summary judgment dismissing the complaint. Plaintiff cross-moves for an order striking defendant’s affirmative defenses and permitting it to amend its complaint to add an additional cause of action.
Plaintiff is a retail merchant. In October, 1972 it entered into a written agreement with defendant bank to permit it to use the bank’s night deposit facility located at a branch office near plaintiff’s place of business. The agreement was authorized by corporate resolution and executed by plaintiff’s secretary. It provided that plaintiff was to receive a depository bag and key to the door chute of the bank’s night depository facility for the purpose of making cash deposits after the close of regular banking hours. The agreement further provided that defendant would hold the depository bag unopened until plaintiff called for it on the first business day following the deposit, at which time the contents of the bag would be examined and the deposit credited to plaintiff’s account. The complaint alleges that on December 24, 1976, one of plaintiff’s employees deposited in defendant’s night deposit facility a bag containing $16,000 in cash. Thereafter, on December 27, plaintiff demanded that defendant produce the bag, and defendant was unable to do so. It is claimed that the loss of the bag was occasioned by defendant’s negligence, and damages are sought in the amount of $16,000.
Defendant’s motion for summary judgment is based upon the provisions of the October, 1972 agreement. Defendant contends that plaintiff thereby waived its right to assert any claims against it arising out of the disappearance of any deposit made through the night deposit facility. Defendant relies specifically on the language of paragraph 2 of the agreement which states, after setting forth the procedures for making night deposits, that "[i]nasmuch as such bag will be placed in the Night Depository facilities and reclaimed by the undersigned without any knowledge on your [the bank’s] part as to its contents, it is expressly understood and agreed that the undersigned [the depositor] assumes all risk of every description for loss, theft or other casualty to the items contained in such bag; that your finding or failing to find the bag in the Night Deposit facility shall be binding conclusively on the undersigned.”
Plaintiff maintains that such a clause is void as against *114 public policy. While this question is one of first impression in a court of general jurisdiction in New York, it has been passed upon in a number of other States, with divergent results. Oregon, Pennsylvania and New Jersey have held such clauses to be invalid. (See, e.g., Real Good Food Stores v First Nat. Bank of Oregon, 276 Ore 1057; Hy-Grade Oil Co. v New Jersey Bank, 138 NJ Super 112; Phillips Home Furnishings v Continental Bank, 231 Pa Super Ct 174, revd on other grounds 467 Pa 43.) Ohio and Arizona, on the other hand, have upheld similar clauses. (See, e.g., Kolt v Cleveland Trust Co., 156 Ohio St 26; Valley Nat. Bank v Tang, 18 Ariz App 40.) All of these cases recognize that with respect to the use of night deposit facilities, prior to the bank’s crediting the amount of the deposit to the customer’s account, the relationship between the customer and the bank is that of bailor and bailee. The law in New York is the same. (5A NY Jur, § 259.) The parties to such a relationship in New York are ordinarily free to contract to diminish the bailee’s common-law duty of care regarding the subject of the bailment, but they may not do so where such a limitation of liability would violate law or public policy. (Klar v H. & M. Parcel Room, 270 App Div 538.) Thus, if the exculpatory clause here in issue is violative of public policy, it is not enforceable.
The cases voiding exculpatory clauses such as the instant one have done so on the ground that they are inimical to the public interest because banking is an essential service upon which the public is required to rely and the night deposit facility of a bank is an integral part of the business of banking. Accordingly, in the conduct of such business the bank may not contract away its liability for negligence, any more than a common carrier can. The court finds this reasoning persuasive. However, this is not to say that all agreements between a bank and its night depositor customer which limit to some extent the bank’s common-law liability as a bailee would be invalid. As the New Jersey court noted in Hy-Grade Oil Co. v New Jersey Bank (supra): "We should not be understood as implying that a bank and a customer may not, by negotiation and agreement, determine the standards by which the responsibility of the bank is to be governed so long as those standards are not unreasonable. [Citing statute.] The burden of proof of a violation of such a standard and proximate causation would remain on the depositor. However, an agreement such as the one now before us, which exculpates *115 the bank from all responsibility without reference to any standard of care, we hold to be contrary to public policy and invalid.”
Permitting some limitations on the bank’s liability is not unreasonable in light of the manner in which a night deposit is made: the customer deposits its money bag in the bank’s night deposit facility with no one from the bank to observe the transaction. Absent any contractual limitations on the bank’s liability, the depositor can make out a cause of action for negligence by producing a single witness who would testify that he placed the depository bag in the night deposit chute, thereby establishing the bailment, and then alleging that the bag was lost or stolen by reason of the bank’s negligence. In such case, while the issue of negligence could be resolved by direct evidence, the bank would be forced to rely solely upon circumstantial evidence to rebut plaintiff’s claim that the deposit was made, namely, by the testimony of an employee that when he opened the night deposit facility, plaintiff’s depository bag was not there. This would create a factual issue to be resolved by the trier of facts, and as thus presented, viz., the direct testimony by the plaintiff’s witness that he made the deposit, as opposed to the bank’s necessary reliance upon circumstantial evidence, the cards would appear to be stacked unfairly against the bank. To resolve this dilemma, it is suggested that a reasonable provision in an agreement between a bank and night depositor customer might provide that the depositor must establish the bailment, i.e., the deposit in the night depository facility, by clear and convincing proof, as distinguished from the ordinary standard of a fair preponderance of the credible evidence. In practice, this might be satisfied by the testimony of a witness in addition to the depositor himself, but in any event, it would require more than the testimony of a single witness to establish the bailment. Once the bailment is established, however, the burden would be on the bank to explain its failure to account for the bag and its contents. (Real Good Food Stores v First Nat. Bank of Oregon, 276 Ore 1057, supra.)
Obviously, in the instant case, in view of the court’s finding that the exculpatory clause relied upon by the bank is void, the determination of whether there was a bailment will be governed by the common-law standard of a fair preponderance of the credible evidence.
For all of the foregoing reasons, the court denies defend *116 ant’s motion for summary judgment and grants the cross motion to strike that affirmative defense in defendant’s answer which asserts the exculpatory clause discussed herein as a defense. To the extent that this decision is contrary to that in Bowling Corp. of Plainview v Long Is. Nat. Bank (57 Misc 2d 337), the court declines to follow that case. So much of the cross motion as seeks to amend the complaint by adding an additional cause of action is granted. The proposed amended complaint in the form annexed to the moving papers shall be deemed served by service of a copy of this order with notice of entry.