OPINION OF THE COURT
Carrol S. Walsh, Jr., J.
Motion by defendant, pursuant to CPLR 3211 (subd [a], par 7), for judgment dismissing the complaint herein for failure to state a cause of action.
The complaint alleges that on June 19, 1976, a Saturday, plaintiff, in the performance of his duties as an employee of Goodhope Industries which owned and operated a gas station in Delanson, Schenectady County, deposited the sum of $200, part of the station’s daily cash receipts, in a depository maintained and designated by defendant to be used for such purposes after banking hours. It is further alleged that the money, together with a deposit slip crediting same to the gas station account, were contained in a deposit bag when placed *519 in the defendant bank’s depository. Goodhope Industries maintained an account in defendant bank wherein daily receipts of the gas station were regularly deposited. It is also alleged that in violation of its duties, defendant failed and neglected to timely credit the deposit to the account when it knew or should have known that the deposit had in fact been made by plaintiff and as a result of its negligence in failing to credit the deposit and in reporting to plaintiff’s employer that the deposit was not made, plaintiff was caused to be discharged. In further consequence of the alleged negligence of defendant, the complaint sets forth that plaintiff has been unable to obtain regular employment and was wrongfully accused of the theft of the funds, subjecting him to annoyance, shame, humiliation and harassment. For all of the foregoing, plaintiff seeks to recover damages.
No affidavits or extrinsic proof have been submitted by defendant to controvert the factual allegations set forth in the complaint. Consequently, upon a motion such as this where a defendant does not reply on affidavits or other proof, he, in effect, concedes the truth of everything plaintiff has factually alleged and relies, instead, upon the failure of the complaint to state a cause of action on its face. Therefore, the court, for the purposes of the motion, must accept as true the material allegations of fact contained in the complaint and any reasonable inference that may be drawn therefrom. If any cause of action can be spelled out from the facts alleged, the motion to dismiss the complaint must be denied.
Among the contentions of defendant in support of its motion is the assertion that the bank owed no duty to plaintiff, there being no communication between them, the plaintiff not being a customer of the bank. It further contends that it could not anticipate that some third party (in this case plaintiff’s employer) would act in the manner it did, which was independent in nature and not within the control of the bank. Defendant also argues that its alleged mistake was not final in nature and could have been rectified or clarified without the employer resorting to the extreme remedies chosen, and that the bank did not even know the plaintiff or that he would be making a deposit and it was the employer that put plaintiff in a position of trust which trust the employer chose to rescind.
However, such contentions are without merit and not dispositive of the issue here. It is common knowledge that employees of businesses, particularly corporations that may be *520 characterized as chain operations, including gas stations owned by major companies, as part of and in the regular performance of their duties, are responsible for and entrusted to the making of deposits of daily receipts in depositories, usually referred to as night depositories, which are provided and maintained by a bank for the convenience of its customers after regular banking hours. The employee in such an instance is an agent of the bank’s customer and the bank owes the agent the duty to receive and properly credit to the account of its customer funds entrusted to the agent, for which he is responsible, and which he deposits in the depository. If through the negligence of the bank and its employees the deposit, assuming one was actually made (and the complaint here so alleges), is not immediately found or not properly credited to the customer’s account, the bank should anticipate the consequences, including the possibility and even the likelihood of that employee being discharged by his employer and accused of and even prosecuted for theft, and, moreover, that he may be expected to suffer mentally and physically. The bank does owe a duty to a person in the position of the plaintiff herein and is not immune from liability to him for conduct constituting negligence. (See Liability of Bank in Connection With Night Depository Service, Ann. 77 ALR3d 597.)
And so we reach the real issue and that is whether the material factual allegations of the situation presented as set forth in the complaint are sufficient to sustain plaintiffs cause. We are not, of course, concerned with ultimate proof, only with whether or not a cause of action is stated. The relationship involved here between parties is that of bailor and bailee. The usual relationship of debtor and creditor as between a bank and its customer does not arise until the official crediting of a deposit to the customer’s account during regular banking hours, and where a deposit is made in a depository, such as a night depository, available for that purpose during a period other than regular banking hours, the relationship between the bank and the customer is one of ordinary bailment for mutual benefit. The bank, as bailee, is thus required to exercise reasonable care in safeguarding the bailor’s property and answerable for any loss due to its negligence or lack of ordinary, reasonable care. (See McEvans v Citibank, N. A., 96 Misc 2d 142; 5A NY Jur, Banks and Trust Companies, § 259, p 23.)
*521 Before there can be any cause of action, it must first be alleged and shown to be an established and uncontroverted fact that the bank, after first disclaiming receipt of the deposit and failing to credit it, did in fact receive it. An unexplained loss of a deposit claimed to have been physically placed in a depository is not sufficient, standing alone, to give rise to a cause of action against a bank. Only in a situation where a bank fails at the outset to find or to correctly credit a deposit actually placed in its depository and initially denies its receipt only to later find and/or properly credit the deposit does a cause of action accrue against the bank. To hold otherwise would be sheer folly and permit unrestrained and unlimited suits against banks simply on the bare assertion of an individual that he made a deposit. Without subsequent discovery, there would be no way of actually knowing whether the claimed deposit was in fact made, and in such a situation, fraught with the limitless opportunities for fraud, banks should not be held answerable or liable.
Based on all the foregoing, the motion to dismiss the complaint herein on the ground that it fails to state a cause of action must be denied. In the absence of any supporting affidavits or other proof controverting the factual allegations contained in the complaint, the defendant concedes as true and the court must accept as true the material allegations of fact contained therein and the reasonable inferences drawn therefrom. The necessary material elements are sufficiently verbalized to permit the spelling out of a cause of action from its four corners. Based on the allegations of the complaint, plaintiff has a cause of action and, as a matter of pleading, has stated it.
Motion of defendant to dismiss is denied.