OPINION of the court
Arthur B. Curran, J.
This matter was brought before a Special Term of this court for an order pursuant to CPLR 3211 (subd [a], par 7), dismissing the third-party summons and complaint, on the ground that the third-party summons and complaint fails to state a cause of action.
The undisputed facts in this case are as follows: On or about June 29, 1979, the third-party defendant, S.J. Groves and Sons Company, was engaged in the construction of certain portions of Route 390, at or near the Town of Sparta, County of Livingston and State of New York. The plaintiff’s decedent, James M. Horan was employed by the third-party defendant at the said construction site. On the aforesaid date, the decedent, along with others, consumed intoxicating beverages at the work site. After having consumed alcoholic beverages at the construction site maintained by the third-party defendant, the decedent left the site and was involved in a motor vehicle accident on a work *1035 site maintained by the third-party plaintiff, Cold Spring Construction Company, causing his death.
The administratrix of the estate of the decedent has commenced a wrongful death action against the defendant and third-party plaintiff. A third-party summons and complaint was served on the third-party defendant, S.J. Groves and Sons Company, seeking to impose liability on the third-party defendant, on the premise that the third-party defendant had negligently permitted, or failed to prohibit, its employees, congregated on a portion of its construction site, from consuming intoxicating beverages.
The court must address the following issues, in ruling as to whether the third-party complaint fails to state a cause of action against the third-party defendant: whether there is any duty inherent on the third-party defendant, S.J. Groves and Sons Company, to protect a party from the results of that party’s intoxication, whether the third-party defendant, as an employer, had a duty to enforce work and/or safety rules prohibiting the consumption of alcoholic beverages on a construction site controlled by the third-party defendant, and, whether the employer’s failure to either promulgate rules or enforce such rules can be evidence of negligence.
The common law does not place a duty on the owner or occupier of premises to protect individuals from the consequences of their own intoxication (Paul v Hogan, 56 AD2d 723; Gabrielle v Craft, 75 AD2d 939). However, in New York State, section 200 of the State Labor Law provides that the employer has a general duty to protect the health and safety of its employees, including providing such employees with a safe place in which to work. Common law has also established the principle that an employer has a duty to furnish his employees a reasonably safe place to do their work (Central Hudson Gas & Elec. Corp. v V.J. Costanzi, Inc., 140 NYS2d 185). The court believes that a rule prohibiting the consumption of intoxicating beverages on work premises is part of an employer’s duty in providing the employees with a safe place to work. If so such rule exists and the employer knows that alcoholic beverages are consumed, he is breaching his duty to his employees. If such rule exists and it is not enforced, this may be some *1036 evidence of negligence on the part of the employer (Warren v New York State Thruway Auth., 51 AD2d 679).
With regard to the motion before the court, a distinction must be drawn between the duty of an employer and the duty of an owner or occupier of premises. The court rules that while an employer has a duty to provide his employees with a safe work place, the employer’s duty does not extend to an owner or occupier of premises. Thus, the distinction is made as to the situation where intoxicating beverages are being consumed and/or given to social friends, at a barroom or to guests and that of the employer-employee. Where the common law places no duty on the owner or occupier of premises to protect the welfare and safety of intoxicated persons, both statutory law and common law mandate that the employer provide for the safety and welfare of the employees, i.e., enforcing rules which prohibit the consumption of alcoholic beverages on the employer’s premises. A jury may regard a violation of a work rule as some evidence of the employer’s negligence (Warren v New York State Thruway Auth., supra). A jury may also regard a failure to prohibit a dangerous situation, to wit: consuming intoxicating beverages with the knowledge of the employer, as possible evidence of the employer’s negligence. (Danbois v New York Cent. R.R. Co., 12 NY2d 234; Devoe v New York Cent. & Hudson Riv. R.R. Co., 174 NY 1.) In the case at hand, the third-party plaintiff alleges that the third-party defendant, though not having a rule prohibiting “drinking”, as the third-party plaintiff had, knew of the widespread consumption of alcohol on the third-party defendant’s construction site, and, took no action to prohibit this condition.
As to the third-party defendant’s contention that the third-party complaint pleads a violation of the Dram Shop Act, the court rejects this theory. The third-party complaint contains no allegations as to an unlawful sale of alcoholic beverages by the third-party defendant and said complaint cannot be construed as pleading a cause of action under the Dram Shop Act.
The final point the court must address is whether or not the decedent’s injury was foreseeable by the third-party defendant. The accident involving the decedent did not *1037 occur on the third-party defendant’s construction site. Rather, the mishap took place on a construction site owned and controlled by the third-party plaintiff, Cold Spring Construction Company. Questions of foreseeability of injury are questions of fact for the jury (Basso v Miller, 40 NY2d 233). Where a complaint has raised the issue of foreseeable risk of injury, a dismissal pursuant to CPLR 3211 (subd [a], par 7) will not be granted. The third-party complaint in the case before the court alleges that the third-party defendant was aware that the decedent was consuming alcoholic beverages on the third-party defendant’s construction site. Therefore, a triable issue of fact is raised as to the third-party defendant’s foreseeing the injury that was sustained.
Dismissal in accordance with CPLR 3211 (subd [a], par 7) is an extraordinary relief that will be granted only when it is clear that the facts alleged in the complaint are insufficient to establish a cause of action. (See 219 Broadway Corp. v Alexander’s, Inc., 46 NY2d 506; Roscoe v Central Nat. Bank of Canajoharie, 96 Misc 2d 517; Feinberg v Bache Halsey Stuart, 61 AD2d 135.) In determining whether or not a complaint states a cause of action, the court will review the entire complaint (State v Belt Parkway Nursing Home, 95 Misc 2d 264). The question to be answered in a motion to dismiss made under CPLR 3211 (subd [a], par 7) is whether the complaint properly states a cause of action. The court will not address itself to whether or not the plaintiff has any substantial hope of proving a cause of action (Amico v Erie County Legislature, 64 Misc 2d 829). The court finds that since the third-party defendant had a duty to protect its employees which may extend to prohibition or action against the consumption of intoxicating beverages, and that such duty is distinguished from the duty resting on an owner of premises to protect a party from the results of intoxication, the motion to dismiss the third-party summons and complaint for failure to state a cause of action is denied.