OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
A municipality has a legal duty to construct and maintain its highways in a reasonably safe condition, taking into account such factors as the traffic conditions apprehended, the terrain encountered and fiscal practicality (Tomassi v Town of Union, 46 NY2d 91). Weiss v Fote (7 NY2d 579) limited municipal liability for judgmental error in planning highway design, but recognized a continuing obligation to review such a plan in light of its actual operation. It did not, however, exclude all liability even for initial planning, for there we said that “liability for injury arising out of the operation of a duly executed highway safety plan may * * * be predicated on proof that the plan either was evolved without adequate study or lacked reasonable basis” (7 NY2d, at p 589).
*796 That a cause of action against a municipality for negligent highway maintenance may succeed upon sufficient evidence was recently reaffirmed by this court in Lattanzi v State of New York (53 NY2d 1045, affg 74 AD2d 378), where we agreed with the Appellate Division’s finding that there was ample proof in the record to support the conclusion that the State did not properly design and test the guardrail system prior to its installation and that the inferior capabilities of the guardrail were the proximate cause of the claimant’s injuries.
That the existence of the allegedly defectively designed abutments did not cause plaintiff’s vehicle to leave the roadway in the first instance is of no moment. As long as it can be demonstrated that the abutments were a substantial factor in aggravating plaintiff’s injuries, a cause of action may be upheld (see Stuart-Bullock v State of New York, 33 NY2d 418, 421). For these reasons, the complaint states a valid cause of action and plaintiff should be permitted the opportunity to submit evidence demonstrating negligent design and placement of the abutments at the time of installation. The Appellate Division therefore properly reversed Special Term’s grant of defendant’s motion for summary judgment dismissing the complaint for failure to state a cause of action.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum. Question certified answered in the affirmative.