■ ALLAN M. CHAPIN, Appellant-Respondent, v CITY OF WHITE PLAINS, Respondent-Appellant, et al., Defendant. — In an action, *inter alia,* to recover damages for personal injuries sustained in an automobile accident, plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Buell, J.), entered July 11, 1983, as denied his cross motion, *inter alia,* for partial summary judgment and defendant City of White Plains cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment.

Order affirmed, with costs to plaintiff.

Plaintiff commenced the present action to recover damages for personal injuries as well as property damage which resulted when his car allegedly collided with defendant Matsumoto's car in an intersection under the control of defendant City of White Plains (city), based, *inter alia,* on the city's breach of its duties to construct and maintain the intersection and surrounding streets in a reasonably safe condition and to refrain from creating an unsafe and dangerous condition. Defendant Matsumoto is not a party to this appeal.

According to plaintiff, the traffic control device at the intersection where the accident allegedly occurred was in violation of subdivision (c) of section 1680 of the Vehicle and Traffic Law and pursuant to that section, absolute liability should be imposed on the city. The city counters that it is immune from such liability, and, were it not, this statutory violation would merely be evidence of negligence, not proof of absolute liability. In addition, the city argues that plaintiff failed to prove a causal connection between the accident and the traffic control device. Upon a review of the record, we find that several questions of fact must be resolved before a determination can be made as to whether defendant city is liable to plaintiff for damages resulting from injuries sustained by him. For example, issues of fact exist as to whether or not the traffic control device violated the applicable sections of the State Traffic Control Manual, and, further, as to which manual is applicable to the present case. Questions of fact also must be resolved to determine whether the city is immune from liability. Depending on whether the city exercised due care in the preparation and review of the design of the traffic device at the intersection at issue, the city may or may not be immune from liability for damages resulting from an accident occurring there (see *Gutelle v City of New York,* 55 NY2d 794, 795; *Lopes v Rostad,* 45 NY2d 617, 623). As to the

city's absolute liability, while we acknowledge that the city has a duty to maintain its highways in a reasonably safe condition (*Gutelle v City of New York, supra*), we note that breach of the city's duty gives rise to absolute liability only under certain circumstances. As the Court of Appeals has held: "Obviously, not every statute which commands or prohibits particular conduct is within [the] principle [of absolute liability]. Only when the statute is designed to protect a *definite class* from a hazard of definable orbit, *which they themselves are incapable of avoiding,* it is deemed to create a statutory cause of action and to impose a liability unrelated to questions of negligence" (*Van Gaasbeck v Webatuck Cent. School Dist. No. 1,* 21 NY2d 239, 244; emphasis added).

In the present case, the applicable statute, subdivision (c) of section 1680 of the Vehicle and Traffic Law requires, *inter alia,* that the traffic control devices installed by the State or local authority conform to a certain manual and to certain specifications. Although this statute apparently was designed for the protection of the class of motor vehicle drivers (as well as pedestrians), this class is clearly capable of taking proper precautions and exercising self-protective care. Inasmuch as plaintiff was a member of a class capable of avoiding possible hazards, absolute liability would not be imposed on the city even if it is found to have violated subdivision (c) of section 1680 of the Vehicle and Traffic Law. Thus, questions of fact exist as to the city's negligence. In addition, to establish the city's liability, plaintiff must demonstrate that there was a causal connection between the accident and the alleged violation of the applicable statute. Further, the city may prove negligence on plaintiff's part. In view of the numerous triable questions of fact in the instant case, we conclude that Special Term properly denied plaintiff's cross motion for partial summary judgment and the city's motion for summary judgment (see *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Finally, we are awarding costs to plaintiff because of the city's dilatory tactics (see, e.g., *Becannon v Smith,* 31 AD2d 810; *Goldner v Lendor Structures,* 29 AD2d 978, 979). Mollen, P. J., Mangano, O'Connor and Lawrence, JJ., concur.