Constance Kirisits, as Administratrix of the Estate of Sheryl Kirisits, Deceased, Appellant, v State of New York, Respondent.

Fourth Department, March 1, 1985

**APPEARANCES OF COUNSEL**

*Paul William Beltz, P. C. (Robert Nichols* of counsel), for appellant.

*Robert Abrams, Attorney-General (Michael S. Buskus* of counsel), for respondent.

**OPINION OF THE COURT**

Denman, J.

■ This is a wrongful death action in which claimant, administratrix of the estate of Sheryl Kirisits, appeals from a judgment of the Court of Claims which, at the close of proof, granted the State's motion to dismiss the claim. She contends that the court erred in its ruling on contributory negligence; that there was no proof of contributory negligence; that the court misperceived the issue of proximate cause; and that there was ample

proof that the State was negligent and that its negligence was the proximate cause of decedent's injuries. We agree with each of those contentions.

The claim arises out of a two-car collision which occurred on Route 5 in the Town of Hamburg on August 6, 1975. The decedent's car, traveling west, skidded on the wet highway, crossed the center line and was struck on the right rear passenger side by a vehicle operated by Carol Kranzler which was traveling east. The decedent's vehicle proceeded through a guardrail, down a steep embankment and struck a tree. The decedent was propelled into the back seat and sustained a serious brainstem injury. She remained hospitalized in a comatose condition for approximately five months and died on January 9, 1976 shortly after giving birth to a daughter who is now nine years of age.

Claimant instituted this action asserting that the State was negligent under three separate theories: (1) that the guardrail was not properly maintained; (2) that the design of the guardrail did not meet the State's safety standards; (3) that the highway was not properly maintained. The court did not reach those issues, finding instead that decedent was negligent and that her negligence was the proximate cause of the accident. The court applied the erroneous rule that claimant had the burden to establish decedent's freedom from contributory negligence[*] and found that she had failed to sustain that burden. Additionally, the court found that decedent's negligence was the proximate cause of the accident and that no negligent act or omission on the part of the State had caused the accident. After this appeal was filed, the court issued substitute pages to its memorandum decision which stated the correct rule that in a wrongful death action contributory negligence must be pleaded and proved by the defendant. In so doing, however, the court did not attempt to change its original conclusion that decedent's negligence was the proximate cause of the accident and that she failed to prove negligence on the part of the State. Neither of those findings is supported by the evidence.

### CONTRIBUTORY NEGLIGENCE

Initially, we note that the court was without authority to correct the error of law in its original decision because the error was one of substance and thus can be corrected only by vacatur

---

[*] This action arose prior to the enactment of CPLR article 14-a and thus the finding of decedent's contributory negligence was a complete bar to recovery.

of the judgment or by an appeal (*see,* Siegel, NY Prac § 420 [1978]). The error, however, is irrelevant on the record before us because there is no proof as to the cause of the accident. The only evidence with respect to the accident itself was the testimony of Kranzler, the other driver, and Kruger, an eyewitness, that decedent's vehicle twice crossed the center line, then fishtailed on the wet pavement before being struck by Kranzler's vehicle. They testified that decedent's vehicle was traveling at 35 to 40 miles per hour on a straight road in a 40-mile per-hour zone. Kruger testified that decedent's vehicle had bald tires but the State offered no other evidence of bald tires and no evidence that decedent was negligent in the operation of her vehicle. Indeed, in its memorandum decision the court noted that "the cause of this accident is essentially unexplained and it is impossible to determine from the testimony what actually caused it." Yet the court held inconsistently that decedent was negligent. Such finding is not supported on this record.

## PROXIMATE CAUSE

■ The court obviously misperceived the issue of proximate cause. Claimant was proceeding under a second-impact theory whereby she contended, not that the State caused the *accident,* but that its negligence in failing properly to maintain the guardrail was the proximate cause of the decedent's *injury.* In support of that contention, complainant submitted ample proof that the State had not properly maintained the guardrail at the accident site and that the inferior capability of the guardrail was the proximate cause of decedent's injury. The fact that no negligent act of the State caused decedent's vehicle to collide with the Kranzler vehicle is irrelevant. The point to be proven was whether the guardrail was inadequate and, if so, whether such inadequacy was a substantial factor in aggravating plaintiff's injuries (*see, Gutelle v City of New York,* 55 NY2d 794; *Lattanzi v State of New York,* 53 NY2d 1045, *affg* 74 AD2d 378; *Pontello v County of Onondaga,* 94 AD2d 427, *lv dismissed* 60 NY2d 1015).

## MAINTENANCE OF THE GUARDRAIL

The State has a duty to construct and maintain highways in a reasonably safe condition (*Tomassi v Town of Union,* 46 NY2d 91). This encompasses a duty to furnish safe guardrails (*Gutelle v City of New York,* 55 NY2d 794, *supra*). The State may be held liable where the guardrail system is not properly designed (*Gutelle v City of New York, supra*); where the guardrail as constructed is known to be hazardous (*Zalewski v State of New York,* 53 AD2d 781); where the construction is not in conformity

with the State's own guidelines (*Warren v New York State Thruway Auth.,* 51 AD2d 679, *lv denied* 38 NY2d 712); or where the guardrail is improperly maintained and is in a defective and unsafe condition (*Hall v State of New York,* 28 AD2d 1203). The guardrail at the site of the accident consisted of cable strung between concrete posts installed in 1931. The State's own guidelines recognize that this cable-type guardrail is hazardous. The State's design manual recommends that this type of guardrail be checked "for adequate deflection distance" or that it be replaced. A State manual setting forth highway maintenance guidelines recommends that the guardrails be inspected regularly, reconditioned every spring and, if found to be substandard, that they be replaced. It also states that the cable should be loosened in the fall and tightened in the spring in order for it to function properly in redirecting a vehicle out of control. James Giardina, a design engineer for the State Department of Transportation, testified that the guardrails were not inspected and reconditioned every spring because of a shortage of manpower and budget constraints. For the same reasons, this substandard guardrail was not replaced by one in conformity with recent design standards. Another Department of Transportation engineer, John MacMillen, testified that he had inspected this guardrail prior to the accident, that it was not up to State standards and that he had made a request for funding for a new guardrail. A maintenance supervisor for the Department of Transportation, Thomas Smith, testified that two of the concrete posts in the guardrail had deteriorated and should have been replaced. This guardrail was designed to withstand 60-mile per-hour impacts at a 25 degree angle. The testimony of claimant's experts established that decedent's vehicle was traveling at a rate of only five miles per hour at the time of the collision and that, when it hit the guardrail, it was traveling 17 to 20 miles per hour at a 30 to 45 degree angle. In the opinion of those experts, the reason that the guardrail did not prevent the vehicle from plunging down the embankment was that the concrete posts had deteriorated and there was no resistance from the slack cable. They also testified that decedent suffered her injury as a result of collision with the tree and that, if the guardrail had been properly maintained, or a safer type of guardrail had been installed, the injury would not have occurred. The State offered no proof to the contrary. Even without the relaxed standard of proof in a wrongful death action (*see, Noseworthy v City of New York,* 298 NY 76), the evidence is clearly sufficient to establish that the State's negligence in failing to maintain the guardrail was the proximate cause of decedent's injury.

In contradistinction, the State cannot be cast in damages for failure to replace the cable-type guardrail with one in conformity with modern design standards, despite the fact that the State was on notice that the old guardrail was substandard and that a safer design was available. The State has a duty to maintain its highways and appurtenances in a reasonably safe condition; nevertheless, a guardrail design which was adequate when installed and which has not been replaced with a safer design because of budgetary considerations will not, without more, result in a finding of negligence (*see, Weiss v Fote,* 7 NY2d 579; *Puliatti v State of New York,* 91 AD2d 1192, *lv denied* 59 NY2d 603).

### DAMAGES

In the exercise of our authority to search the record and render the judgment which is warranted on the facts as we determine them to be (*see, Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499; *Koester v State of New York,* 90 AD2d 357, 364; 4 NY Jur 2d, Appellate Review, § 436, at 556-57), we find that the State was negligent in failing to maintain the guardrail; that such negligence was the proximate cause of decedent's injuries; that decedent was not contributorily negligent, and accordingly, judgment should be granted for claimant on the issue of liability and the matter remitted to the trial court for a determination of damages.

HANCOCK, JR., J. P., DOERR, GREEN and O'DONNELL, JJ., concur.

Judgment unanimously reversed, on the law and facts, with costs, judgment granted claimant on the issue of liability and matter remitted to the Court of Claims for a determination of damages.