■ FREDERICK TINAO, JR., Individually and as Administratrix of the Estate of FREDERICK J. TINAO, Deceased, Appellant, v CITY OF NEW YORK, Respondent.—In an action to recover damages for wrongful death and conscious pain and suffering, plaintiff appeals from a judgment of the Supreme Court, Kings County (Bernstein, J.), dated December 22, 1983, which, after a jury trial, was in favor of defendant.

Judgment affirmed, without costs or disbursements.

Plaintiff's decedent was fatally injured when the automobile he was operating veered off the Belt Parkway and struck a tree located on the roadway's shoulder. Plaintiff brought this action to recover damages for wrongful death and conscious pain and suffering against the City of New York alleging that the city's negligent design and maintenance of the roadway proximately caused the accident and that the city had prior notice of the allegedly dangerous condition.

At trial, the city introduced evidence which indicated that decedent was driving while intoxicated and, moreover, that he was driving at an excessive speed. The jury ultimately found, upon written interrogatories, that the city had negligently maintained the roadway but that said negligence did not proximately cause the accident. Plaintiff appeals from the judgment entered upon this verdict. We affirm.

The city has a duty to maintain its roadways in a reasonably safe condition and, as well, to maintain the roadways' shoulders in a reasonably safe condition for foreseeable uses, including those uses which may arise from a driver's negligence (Gutelle v City of New York, 55 NY2d 794; Bottalico v State of New York, 59 NY2d 302). However, the city cannot be held liable for its negligence unless the plaintiff establishes

proximate cause (*Lattanzi v State of New York,* 74 AD2d 378, *affd* 53 NY2d 1045, *for reasons stated in the opn at App Div; Chapin v City of White Plains,* 104 AD2d 785).

Viewing the record in the light most favorable to the city, as we must, there is sufficient credible evidence to support the jury's determination that the city's negligence did not proximately cause decedent's injuries. The jury rationally could have found that, despite the existence of flooding and a dangerous crack in the roadway and the lack of guardrails, decedent was too intoxicated or driving too fast to control the automobile.

Contrary to plaintiff's claim, the evidence of decedent's intoxication clearly was competent and relevant. The autopsy report and blood analysis were properly admitted into evidence pursuant to CPLR 4518 (c). The fact that the city's medical expert did not perform the subject examinations affects, at most, the weight of his testimony, not its admissibility. The parties' experts' differences of opinion concerning contamination of the blood sample did not mandate exclusion of the evidence, but merely presented a factual question of reliability for the jury to resolve. The evidence of decedent's intoxication clearly was relevant to the issues of causation and decedent's negligence (*see, Bottalico v State of New York, supra; Chapin v City of White Plains, supra*). Accordingly, the verdict will not be disturbed.

We have reviewed plaintiff's remaining contentions and find them to be without merit. Brown, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.