■ In the Matter of JOANNE M. DONLEY, Respondent, v STATE OF NEW YORK et al., Appellants.—(Claim No. 63364.)— Memorandum: On June 11, 1979, claimant was seriously injured when the car in which she was a passenger struck a median guardrail on the

New York State Thruway. The guardrail broke and a portion penetrated the car, trapping claimant inside and requiring the amputation of her leg at the scene. Following a trial, the court found defendants negligent in a reconstruction of the guardrail undertaken some five years prior to the accident and awarded damages in excess of $900,000. The court apportioned fault evenly between defendants and the driver of the car.

We reject defendants' claim that liability cannot be imposed absent proof that the modification of the guardrail failed to meet the minimum requirements of an adopted written engineering standard, such as the standards set forth in the Manual of Traffic Control Devices. No study was undertaken to determine the appropriate practice to be employed in realigning the guardrail system. Instead, the Authority maintenance engineer used a plan designed and implemented on another area of the Thruway as his guide for joining a W-beam guardrail with a box beam rail. The record supports the court's findings that the engineer failed to follow that plan in several critical respects and that these failures contributed to the failure of the guardrail and claimant's injuries. Expert testimony also indicated that the plan for a transitional guardrail system, which the engineer used as a guide, was an accepted engineering practice or standard at the time. We conclude that the failure to meet the minimum standards of the plan previously adopted by the Thruway Authority and relied upon by its engineer as a guide constituted negligence (*see, Warren v New York State Thruway Auth.*, 51 AD2d 679, *lv denied* 38 NY2d 712; *cf., Schwartz v New York State Thruway Auth.*, 95 AD2d 928, 929, *affd* 61 NY2d 955, where, unlike here, the placement of the guardrail met relevant design standards). (Appeal from judgment of Court of Claims, NeMoyer, J.—negligence.) Present—Denman, J. P., Green, Pine, Balio and Davis, JJ.