■ DENISE S. MAXCY, Respondent, v COUNTY OF PUTNAM, Appellant.—Harvey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Dickinson, J.), entered June 12, 1990 in Putnam County, which granted plaintiff's motion for an order of preclusion.

Plaintiff commenced this action seeking damages for personal injuries sustained on September 3, 1986 at approximately 11:55 P.M. when her vehicle skidded on a road located in Putnam County and collided with a tree. Following the one-car accident, plaintiff was taken by ambulance to Putnam Hospital Center's emergency room for treatment of severe facial injuries. Shortly after plaintiff was admitted (approximately 35 minutes after the accident), a blood sample was taken from plaintiff and sent to the hospital's lab for analysis. The blood was taken to assess plaintiff's condition for the surgery to be performed in a few hours. The results of the blood test showed that plaintiff had a reported blood alcohol level of .112%. Plaintiff apparently informed hospital personnel that she had consumed three drinks earlier in the evening.

In her action against defendant, plaintiff alleged that the sole proximate cause of her injuries was the improperly maintained roadway. Although defendant's answer is not contained in the record, it appears that defendant asserted, among other things, that plaintiff's injuries were caused in whole or in part by reason of her operating her vehicle while in an intoxicated and/or impaired condition. Discovery in the case was conducted and the matter proceeded to trial. On the date scheduled for the jury selection, however, plaintiff orally moved to preclude the introduction into evidence of those portions of her hospital record reflecting her blood alcohol content immediately following the accident. Supreme Court directed that a hearing be held to determine whether a proper

basis existed for the admission of the blood alcohol test results. At the hearing, hospital personnel testified as to the procedures and equipment used to test plaintiff's blood. Plaintiff presented evidence challenging the validity of the procedures employed to test her blood. Following the hearing, Supreme Court granted plaintiff's motion to preclude on the basis that a proper foundation allegedly had not been laid for admission of the blood alcohol analysis. Supreme Court also directed that all references to plaintiff's blood alcohol content be redacted from the hospital record. This appeal by defendant resulted.

Initially, defendant contends that plaintiff's unredacted record was admissible under CPLR 4518 (c) and that Supreme Court erred in precluding its admission. We agree with this assertion and, accordingly, there must be a reversal. Significantly, it is well settled that "CPLR 4518 (c) and 2306 (a) provide in relevant part that properly certified hospital records relating to the condition or treatment of a patient are admissible and constitute prima facie evidence of the facts contained therein" *(LaDuke v State Farm Ins. Co.,* 158 AD2d 137, 138 [citation omitted]; *see, Moran v Demarinis,* 152 AD2d 546, 547). CPLR 4518 (c) dispenses with the foundational requirement and necessity of producing an authenticating witness and "casts upon the party who attacks the records the burden of rebutting the presumption that the facts are as contained in the record" (McLaughlin, 1970 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4518 [1991 Supp Pamph], at 420).

Here, plaintiff's hospital record was properly certified by the hospital's supervisor of medical records and there can be no question from the evidence that plaintiff's blood sample was taken to assess plaintiff's tolerance for the general anesthesia needed in conjunction with the surgery to repair her facial injuries. Consequently, given that the requirements of CPLR 4518 (c) were plainly met and information contained in the records was clearly relevant to the issues to be resolved at trial *(see, Tinao v City of New York,* 112 AD2d 363, 364, *lv denied* 67 NY2d 603), Supreme Court erred in not admitting the certified record pursuant to CPLR 4518 (c). This is not to say that plaintiff's evidence attacking the qualifications and procedures employed by the hospital personnel administering the blood test would not also be admissible at trial; it would merely create a factual question of reliability for the jury to resolve and does not affect the hospital report's admissibility *(see, Tinao v City of New York, supra,* at 364).

Due to our determination that the hospital record at issue was admissible pursuant to CPLR 4518 (c), there is no need to reach the remaining arguments raised by defendant, including its assertion that the foundational requirements for admission of the hospital record pursuant to CPLR 4518 (a) were also met in this case.

Weiss, J. P., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.