■ NOEL SMITH, Plaintiff, v MERRILL LYNCH & Co., INC., Defendant, and FITZGERALD & FITZGERALD, P.C., Defendant/Third-Party Plaintiff-Appellant, et al.; Defendant/Third-Party Plaintiff. LOCATOR SERVICES GROUP, LTD., et al., Third-Party Defendants, and COUNTY OF NASSAU, Third-Party Defendant-Respondent. [892 NYS2d 766]

844

The Supreme Court properly denied that branch of the motion of the defendant Merrill Lynch & Co., Inc. (hereinafter Merrill Lynch), which was for summary judgment dismissing the second cause of action asserted against it, which sounds in negligence. Merrill Lynch failed to establish, prima facie, that it did not breach a duty of care to the plaintiff. The record contains evidence that Merrill Lynch was in lawful possession of a settlement check and a request by the plaintiff's attorney to open an account for the benefit of the plaintiff in accordance with an infant compromise order issued by the Supreme Court in an underlying medical malpractice action. There is also evidence that Merrill Lynch misplaced the check, and then failed to inform the plaintiff's guardian, or the plaintiff's attorney, that it did not and/or could not open the account as requested. Based on this evidence, a jury could find that Merrill Lynch failed to exercise ordinary care and diligence in handling the check (*see Epic Sec. Corp. v Banco Popular [NY]*, NYLJ, Oct. 10, 1997, at 26, col 3 [Civ Ct, NY County]; *National Wholesale Liquidators v Barclays Bank of N.Y. [NA]*, NYLJ, Nov. 2, 1992, at 32, col 4 [Sup Ct Nassau County]; *Employers Ins. of Wausau v Chemical Bank*, 117 Misc 2d 601, 603 [1983]; *Roscoe v Central Natl. Bank of Canajoharie*, 96 Misc 2d 517 [1978]; *Gramore Stores v Bankers Trust Co.*, 93 Misc 2d 112, 114 [1978]). Fisher, J.P., Miller, Eng and Hall, JJ., concur. **[Prior Case History: 2008 NY Slip Op 33251(U).]**