Madsen v Catamount Ski Resort (2018 NY Slip Op 06794)





Madsen v Catamount Ski Resort


2018 NY Slip Op 06794


Decided on October 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 11, 2018

Sweeny, J.P., Tom, Gesmer, Kern, Moulton, JJ.


7285 157038/15

[*1]Steven Madsen, et al., Plaintiffs-Appellants,
v
Catamount Ski Resort, et al., Defendants-Respondents.


Sullivan Papain Block McGrath & Cannavo P.C., New York (Brian J. Shoot of counsel), for appellants.
Roemer Wallens Gold & Mineaux LLP, Albany (Matthew J. Kelly of counsel), for respondents.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered September 12, 2017, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiffs seek to recover for personal injuries sustained by their infant daughter in a skiing accident at defendants' ski resort. Plaintiffs claim that defendants were negligent in failing to pad the metal snow machine pole with which the infant collided. The motion court dismissed the complaint on the ground that plaintiff assumed the risks associated with the sport of skiing.
Such risks include the risk of injury resulting from "other persons using the facilities" and from "man-made objects that are incidental to the provision or maintenance of a ski facility," such as snowmaking equipment (General Obligations Law § 18-101; see also id. § 18-106). However, an individual "will not be deemed to have assumed ... unreasonably increased risks" (Morgan v State of New York, 90 NY2d 471, 485 [1997]).
If, as plaintiffs maintain, the unpadded pole was located on the ski trail or in an area where skiing was permitted, then defendants could be found to have failed to maintain their property in a reasonably safe condition. General Obligations Law § 18-107 provides that, "[u]nless otherwise specifically provided in this article, the duties of skiers, passengers, and ski operators shall be governed by common law" (Dailey v Labrador Dev. Corp., 136 AD3d 1380, 1381 [4th Dept 2016]). The common law applies where, as here, plaintiffs are alleging inadequate padding of defendant's snowmaking pole, a condition not specifically addressed by the statute (id.). On the record before us, we cannot conclude, as a matter of law, that the pole was off-trail and that the pole did not need to be padded. Thus, defendants are not entitled to summary judgment.
Nor are defendants entitled to summary judgment on the ground that the failure to pad the pole did not cause the subject collision, because that failure may have caused or enhanced the
infant's injuries (see Stuart-Bullock v State of New York, 33 NY2d 418, 421 [1974]; see also Joyce v Rumsey Realty Corp., 17 NY2d 118 [1966]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 11, 2018
CLERK